[Smith v. Southern Express Co.]

# Smith v. Southern Express Co.

*Action on the Case against Express Company for failure to collect Money on delivery of Package.*

1. *Express company; liability for failing to send package C. O. D.* Where an unmarked package is delivered by the servant of the consignor to an express company, together with a note containing the address of the consignee, and directing the package to be sent "C. O. D. $86.75," and a receipt is given by the agent of the express company, containing the usual contract of affreightment, but nowhere showing the package would be sent C. O. D., and this receipt is retained by the consignor, without objection, until after the lapse of a sufficient time for the package to be delivered to the consignee, such retention is an acceptance on the part of the consignor of the contract of affreightment as evidenced by said receipt; and the express company is not liable for failure to collect the money specified on delivery to the consignee of the package.

2. *Same; parol evidence not admissible to vary the effect of the receipt.* In such a case parol evidence is not admissible to alter or vary the effect of a receipt given by the express company.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The facts of the case are sufficiently stated in the opinion.

JOHN G. WINTER, for appellant, cited *Vandegrift v. Abbott*, 75 Ala. 487; *Couch v. Woodruff*, 63 Ala. 473; *Taylor v. Strickland*, 37 Ala. 642; *Wood v. Coman*, 56 Ala. 283; *L. & N. R. R. Co. v. Meyer*, 78 Ala. 597; *Cowan v. Sapp*, 74 Ala. 44; Porter on Bills of Lading, §§ 65, 66 *et seq.*, 173, 382-3-4; 1 Brick. Dig., 865, §§ 866-867.

TOMPKINS & TROY, *contra*, cited Hutchinson on Carriers, § 84a, and authorities there cited.

HEAD, J.—This was an action on the case by the appellant, Belle Smith, against the appellee, as a common carrier, to recover damages for the failure of the defendant to collect, for plaintiff's use, the sum of money

specified, on delivery to the consignee, of a valuable package shipped by her, C. O. D., to a party in Little Rock, Ark. The plaintiff's case, substantially, is, that, having in her possession, as a pledge to secure a loan of $86.75, some valuable diamonds belonging to Miss Ada McCoy, of Little Rock, Ark., she was requested by Miss McCoy to ship the same to her, by express, C. O. D. the sum due upon said loan. Accordingly, she sent, by her servant, an unmarked package containing the diamonds, to defendant's office, with instructions written on a small piece of paper, as follows : "Miss A. McCoy, Little Rock, Arkansas, C. O. D. $86.75 ;" that the servant delivered the package to defendant's agent, at its office, in Montgomery, together with the note of instructions, and received from him a receipt, signed by him, for the company, showing it had received from Miss Belle Smith, one package, sealed, addressed to Miss A. McCoy, Little Rock, Ark., and containing the usual contract of affreightment, under which such goods are carried by the defendant. This receipt nowhere showed that it was a C. O. D. package. On the contrary, its terms were such that, unaffected by any other fact, it was defendant's duty to deliver the package to the consignee, upon the collection of the freight charges only. The servant carried this receipt to plaintiff's house, and laid it away in a washstand drawer in plaintiff's room, without showing it to plaintiff ; and plaintiff never saw it until about ten days afterwards, when she went to defendant's office and inquired for the money, and was informed by the agent that the package had not been shipped. C. O. D., and had been delivered without the collection of any money ; he claiming that the defendant had received no instructions to ship C. O. D. It was admitted that the package had been delivered to Miss McCoy, at Little Rock, by the defendant, without the collection of any sum of money, other than the freight charges, and it was shown that she was insolvent, and that plaintiff had, by losing the pledge, lost the means of collecting her debt. The defendant's case was that it had received no instructions to ship C. O. D. ; that it received no such note in writing as the plaintiff claimed ; and, further, it is insisted, that the receipt it executed, as matter of law, constituted the sole evidence of the contract, which could not be contradicted or varied by parol. It was shown to be the de-

[Smith v. Southern Express Co.]

fendant's custom, which was known to the plaintiff, when goods were shipped C. O. D. to issue a receipt like that in the present case, with the letters ''C. O. D.,'' and figures showing the amount to be collected, written down in the left hand corner thereof. When only freight charges were to be collected, the letter ''C'' was written in the same place. In the present instance, the receipt had only the letter ''C.'' The well known meaning of ''C. O. D.'' was admitted to have been known to both parties at the time of the shipment.

The city court, we suppose, being of the opinion that the receipt given by the defendant was the sole evidence of the contract, instructed the jury, on written request, that if they believed the evidence they must find for the defendant; to which the plaintiff excepted. We are of opinion the ruling was correct. It is undeniable that the plaintiff was charged with notice of the contents of the receipt which the defendant's agent delivered to her servant, and that its retention, without objection, was an acceptance of it on the plaintiff's part, as the evidence of the contract between the parties. The evidence shows that she knew it was not the form of receipt the company was accustomed to give for C. O. D. packages, in that it omitted the letters ''C. O. D.'' Conceding the written memorandum was sent by the plaintiff by her servant, as contended, and that it was delivered to the agent by the servant, it was a mere offer or proposition which was not carried into the bill of lading or receipt issued by the agent; which omission was, in legal effect, a refusal or repudiation of the offer or proposition by the defendant. If the plaintiff, then, desired to insist on the carriage of the package as a C. O. D. package, it was her duty to have refused the receipt, as it was written, and insisted upon the contract being so written as to carry out that object. This she failed to do, but accepted and retained the receipt, as the evidence of the contract, and its terms can not now be altered or varied by parol.

Affirmed.