WIDGEON *v.* SOUTHERN EXPRESS COMPANY.

CANDLER, J.  Under no view of this case could there be a recovery against the defendant company ; and therefore the judge of the superior court did not err in sustaining the certiorari and rendering final judgment in its favor.

*Judgment affirmed.   All the Justices concur.*

Argued October 12, — Decided October 30, 1903.

Certiorari.   Before Judge Felton.   Bibb superior court. .   June 8, 1903.

Essie B. Widgeon sued the express company in a justice's court for $38, alleging that it received from her, for shipment, a trunk, with direction to collect a bill for that amount on the delivery of the trunk, and that it delivered the trunk but failed to collect the money.   The defendant filed a general denial; and a plea that the bill was for an immoral and illegal consideration, and that the defendant could not be used as the means to collect it.   The case was tried before a jury, who rendered a verdict against the defendant for the amount sued for.   The superior court sustained the certiorari on the general grounds, and rendered final judgment in favor of the defendant.

On the trial in the justice's court the plaintiff testified that she sent the trunk to the office of the express company with a paper containing this direction : " To Miss C. Gayle, Augusta, Ga., one trunk C. O. D. $38.00, from Essie B. Widgeon, 318 Wall street, Macon, Ga. "; that the servant by whom she sent it brought her a receipt from the express company, which she placed in her desk without examination ; that as soon as she learned that the trunk had been delivered without payment of the money, she investigated the matter and found that the receipt was " for a straight shipment, instead of C. O. D."; that she then " made a demand " on the defendant, which was refused ; that $10 of the $38 was due by Miss Gayle for board at the plaintiff's house, and the remainder for money borrowed from one Kessler, which she had promised to collect for him.   She admitted that the " debt was . . partly for an immoral consideration."   There was evidence that she " runs a bawdy house."   She testified further: " Miss Gayle is at my house now.   She has a trunk.   I can't say it is the same trunk ; it may be."   The defendant admitted that the trunk was delivered to it with a paper containing instructions for its shipment ; but a witness

who testified ·that he was the receiving clerk of the express company denied that the paper had " C. O. D. " on it.    He testified that it stated the value, $38; that the girl who brought it was asked by him what the $38 meant, and she said that it was the value of the trunk.    The plaintiff admitted that the servant who took the trunk to the express company was asked by the clerk as to its value, before he made out the receipt, and that her reply was, $38.    It does not appear from the answer to the certiorari that the receipt was introduced in evidence.    In addition to the issue made by the plea of immoral consideration, the defendant contended that the final contract between it and the plaintiff was contained in the receipt, and that the contract could not be varied by evidence as to prior or contemporaneous instructions; that by accepting a receipt for a " straight shipment " the plaintiff became bound by its terms, and could not set up that there was a contract to collect on delivery; that the plaintiff had no interest in a part of the alleged debt, except as agent to collect it, and could not maintain an action for that part; and that the plaintiff had no title to or lien on the trunk, and was not injured by its delivery.

Cited by counsel, as to immoral consideration : American Express Company *v.* Epply, 5 Ohio Dec. 337; Herrick *v.* Gallagher, 60 Barb. 566; 20 *Ga.* 449; 112 *Ga.* 850.    Want of interest by plaintiff: 73 *Ga.* 472.    Effect of the express company's receipt : Hutch. Car. (2d ed.) §§ 240–1–3, 265; 104 Ala. 387, s. c. 16 So. 62; 94 *Ga.* 22; 77 N. Y. 90, s. c. 28 Am. R. 112.

*M. R. Freeman,* for plaintiff.

*Dessau, Harris & Harris,* for defendant.