# Continental Insurance Co. *v.* Parkes.

## *Action upon Fire Insurance Policy.*

1. *Pleading and practice; what plea insufficient.*—A plea filed to a complaint upon a fire insurance policy which merely alleges that the plaintiff ought not to recover in the action upon the contract sued on by reason of anything alleged in the complaint is demurrable because it neither denies nor confesses and avoids the allegations of the complaint.

2. *Same; same; pleas alleging conclusions of law and not statement of facts.*—In an action upon a fire insurance policy a plea alleging that in and by the terms of the policy it is provided that the contract may be cancelled, and that in accordance with the terms of the policy in regard to cancellation the said policy was cancelled by the defendant before the loss occurred, merely alleges the conclusions of the pleader and is demurrable for failing to set out the terms of the policy sued on so that the court could determine the right of defendant to cancel and thereby terminate its liability thereon.

3. *Same; same.*—A plea alleging that defendant did not issue any policy to plaintiff but that it did issue one to plaintiff's husband which subsequently was cancelled and surrendered is a plea of *non est factum* and must be sworn to.

4. *Same; same; when plea insufficiently alleges notice to assured of intention to cancel policy.*—In an action upon a fire insurance policy one of defendant's pleas alleged that the policy was originally issued to the husband of the plaintiff and loss if any, was made payable to R. M. as mortgagee as his interest might appear. That afterwards said R. M. returned said policy to defendant's agent and had same changed so that plaintiff became the assured and J. M., the wife of the said R. M., was named as mortgagee and loss, if any, made payable to her as such mortgagee as her interest might appear, and that the said J. M. then took possession of said policy and it was not thereafter in the possession of the plaintiff. That by the terms of said policy defendant on notice for the space of five days had the right to cancel said policy and that subsequently said defendant did give notice to the said J. M. that it would cancel said policy and the said J. M. thereupon surrendered said policy to the defendant and the same was cancelled by

[Continental Insurance Co. v. Parkes.]

defendant before the loss occurred. Held: that said plea is fatally defective in failing to show notice to the assured of defendant's intention to cancel the policy. Held further, that notice to the mortgagee would not be sufficient notice to entitle defendant to cancel, but such notice must have been to assured.

5. *Same; same; right of Insurance Company to cancel policy strictly construed against Company.*—A provision in an insurance policy reserving to the insurer a right to cancel same is strictly construed and the conditions imposed upon it with respect to giving notice of cancellation must be strictly performed.

6. *Same; same; what sufficient notice of loss to an insurance company.*—Where a policy of insurance provides that if a fire occur the insured shall give immediate notice of any loss thereby in writing to the company, an allegation that the insurance company had actual notice of the loss within forty-eight hours after the fire is not a sufficient allegation of notice by the insured.

7. *What considered not a waiver of provision in policy requiring notice of loss.*—Where a policy of insurance provides that if a fire occurs the insured shall give immediate notice of any loss thereby in writing to the Company, a statement by the local agent of the Company to the assured that the policy had been cancelled before the loss and that the Company denied liability thereunder does not constitute a waiver by defendant of the notice required by the policy unless the agent had authority to bind the Company by his statement.

8. *Statutory provision that Insurance Company belonging to a tariff association pay penalty not unconstitutional.*—Section 2619 of the Code of Alabama providing that in case of loss an insurance policy issued by an insurer who belonged to or was a member of or in any wise connected with any tariff association or such like thing by whatever named called, etc., shall be construed to mean that the assured or beneficiary thereunder may in addition to the actual loss or damage suffered recover 25 per cent. of the amount of such actual loss, any provision or stipulation to the contrary in the policy notwithstanding is a legitimate exercise of the police power of the State.

9. *Same.*—Such statutory provision is not violative of the constitutional provision for singling out particular persons or corporations and discriminating against them.

10. *Same; said provision applies to foreign Insurance Companies as well as domestic.*—The fact that the insurer happens to be a foreign corporation does not render the provision unconstitutional or void as to it.

[Continental Insurance Co. v. Parkes.]

11.  *Same; same; insurance companies are not engaged in inter-state commerce.*—Insurance companies organized in other states and issuing policies in this State are not engaged in interstate commerce, nor are the contracts of insurance entered into by such companies in this State inter-state transactions.

12.  *Authority of agent to waive written notice provided for in policy; when such authority question of fact for the jury.* Where the local agent of an insurance company performs acts at various times not expressly conferred by the instrument appointing it as agent and such acts were recognized by the principal as within the authority of the agent and were not repudiated by it, it is a question of fact for the jury to determine whether or not the agent had authority to waive for defendant company a provision in the policy requiring written notice of loss to be given immediately after a fire occurred.

13.  *Same; what sufficient waiver of notice.*—If the local agent had authority to bind its principal a distinct denial of defendants liability because the policy had been cancelled would be a waiver of notice and proof of loss required of the assured by the policy.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This action was brought by the appellee against the appellant to recover upon a policy of fire insurance. The defendant pleaded the general issue and in addition thereto many special pleas among which special pleas were the following: 8. "And for further plea in this behalf the defendant says the plaintiff ought not to recover in this action upon the contract sued on by reason of anything alleged in the complaint.

9.—And for further answer this defendant says that in and by the terms of the policy described in the complaint it is provided that the contract named in the complaint may be cancelled. And this defendant says that in accordance with the terms of said policy in regard to cancellation, this defendant before the loss described in the complaint had occurred had cancelled and taken up the said policy and it was no longer in force, wherefore this defendant says that plaintiff ought not to have and recover in this action.

10.—And for the further answer to the complaint this defendant says that it never did issue any policy to Margaret N. Parkes, the plaintiff; that it did issue to one A. B. Parkes a policy of insurance of date October 29th, 1898, upon a certain dwelling house and furniture therein, with condition loss if any payable to Robert Mauchlin, mortgagee. That afterwards the said policy on the demand of this defendant notice of cancellation having been previously given was surrendered on to-wit, the 1st day of September, 1899, to this defendant and was duly cancelled and returned to this defendant and defendant says that for to-wit thirty days prior to the loss named in the complaint there was no policy issued by it in force, wherefore this defendant says that plaintiff ought not to have and recover by reason of any transaction in regard to said policy of insurance.

15.—Defendant says for answer to the complaint that on to-wit, Nov. 1st, 1898, this defendant issued to one A. B. Parkes a policy as described therein upon the property mentioned in the complaint upon his two story house valued at $1,800.00 and upon the furniture therein valued at $1,000.00, the said A. B. Parks being then the husband of plaintiff, that in and by the terms of the said policy 'loss if any made payable to Robert Mauchlin as mortgagee as his interest might appear, that afterwards on to-wit, Nov. 25th, 1898, the said Robert Mauchlin came into the office of the agent of defendant in Birmingham, Alabama, bringing said policy with him, and stated, that M. N. Parks was the owner of the property insured and that the name of the mortgagee was Janette Mauchlin and then and there the secretary of defendants agent one Charles Mell, at the instance of said Robert Mauchlin the said Mell then and there having authority of the defendant to do so attached to the face of said policy a green printed slip, stating in effect that M. N. Parks should be the name of the assured and that loss, if any, payable to Mrs. Janette Mauchlin as her interest may appear, that there was then present only the said Robert Mauchlin and the said Mell, that said Robert Mauchlin took away with him the said policy so changed, and defendant says that thereafter, the said Janette Mauchlin kept possession of said policy of insurance and it was

not thereafter in the possession of plaintiff; that by the terms of said policy defendant on notice for the space of five days had the right to cancel said policy, and that defendant on to-wit, August 24th, 1899, gave notice to Janette Mauchlin that it would cancel said policy, and on to-wit September 1st, 1899, on demand of the defendant the said Janette Mauchlin the mortgagee named in the said policy so altered surrendered said policy to the defendant and the same was by this defendant duly cancelled.

Wherefore defendant says that, at the time when the said property alleged to have been insured was burned the said policy was not in force and plaintiff ought not to recover."

There was evidence introduced tending to show that the local agent of the defendant company had at various times performed acts not expressly conferred by the instrument appointing it as agent, which acts were not repudiated by the defendant company. There was evidence also introduced on behalf of the plaintiff which tended to show that the defendant company was connected with or a member of a tariff making association. There was other evidence introduced on behalf of defendant tending to show that it was not a member or in any wise connected with any such association.

There were verdict and judgment in favor of the plaintiff. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

WARD & HOUGHTON, for appellant. (No brief came to the hands of the reporter.)

WHITE & SONS, contra.—Where conditions are pleaded they must be clearly and distinctly averred. Chitty on Pleading, Volume 2, page 367, 16 Ed.; Enc. Pl. & Prac. Vol. 2, page 422; Mead v. Hughes, 15 Ala. 141.

The plea averring that the policy by its terms could be cancelled after giving five days notice alleges that defendant had cancelled it without giving such notice to the assured, and is not sufficient.—1 Biddle on Ins.

section 372; 2nd May on Ins. section 356a. Notice of cancellation must be unambiguous and must show an unconditional and fixed determination to cancel and not a mere desire to cancel.—1st. Biddle on Ins. section 371.

Section 2619 of the Code is valid and not unconstitutional. Tiedeman on Limitation of Police Power, page 251-315; *State v. Phipps,* 50 Kan. 699, 31 Pac. 1078, 18 L. R. A. 657, 34 Am. St. Rep. 152; *Hartford F. Ins. Co. v. Raymond,* (Mich.) 38 N. W. Rep. 474; *Youngblood v. Bg'ham. T. & S. Co.,* 95 Ala. 521; *Am. Ins. Co. of Chicogo v. Isaac Stay,* (Ill.) I. N. W. Rep. 877; *Stripling's case,* 113 Ala. 120; *Am. Co. v. Western Co.,* 67 Ala. 26; *Mortgage Co. v. Ingram,* 91 Ala. 340; *Collier v. Davis,* 94 Ala. 456; *Ex Parte Byrd,* 84 Ala. 17; *Steiner v. Ray,* 84 Ala. 93; *Cook v. State,* 110 Ala. 40; *Munn v. Illinois,* 94 U. S., 113; *United States v. Jellico,* 46 Fed. Rep. 432, 12 L. R. A. 753; *State v. Firemen's Ins. Co.,* 152 Mo. 1.

That no Federal question is involved, and that this statute is not violative of the Federal Constitution, see, *Paul v. Virginia,* 8 Wall. 168; *Osborne v. Mobile,* 16 Wall. 479; *Munn v. Illinois,* 94 U. S. 113; *Steiner v. Ray,* 84 Ala. 93; *Merriman v. Knox,* 99 Ala. 94.

Notice of loss given to local agent of defendant company was sufficient notice to the company; *Syndicate Ins. Co. v. Catchings,* 104 Ala. 176; Biddle on Ins. Vol. 2, Sec. 1073-1078; *Nichol v. Ins. Co.,* 144 Mo. 420; *Wadham v. Western Ins. Co.,* 117 Mich. 514; *Bernero v. Ins. Co.,* 4 Pac. Rep. 382; *German Fire Ins. Co. v. Stewart,* (Ind.) 42 N. E. Rep. 286; Federal cases Number 1321, 14 Blatch. 422: *Harnden v. Milwaukee Ins. Co.,* (Mass.) 41 N. E. Rep. 658; 16 Am. & Eng. Enc. of Law, 2nd Ed. 942 b and cases cited.

TYSON, J.—Action on policy of fire insurance.

To the complaint the defendant interposed the plea of the general issue and a number of special pleas. Plea 8 to which a demurrer was sustained neither denies nor confesses and avoids the allegations of the complaint. The demurrer was properly sustained to it.

Plea 9 was also faulty in not setting out the terms of the policy sued on, so that the court could determine the right of defendant to cancel it and thereby terminate

its liability thereon. Whether the cancellation asserted was in accordance with the terms of the policy was a question of law, and the court could not decide that question unless the terms of the policy under which defendant asserted its right of cancellation were set out in the plea. *Hardy v. Br. Bank,* 15 Ala. 727; *Mead v. Hughes,* Ib. 141.

Plea 10 was in substance and legal effect a plea of *non est factum* and was not sworn to. The complaint is in Code form and implies an action in the name of the assured mentioned in the policy issued to the plaintiff.— *Feibelman v. M. F. I. Co.,* 108 Ala. 180.

It appears from the averments of the fifteenth plea that by the terms and conditions of the policy the defendant reserved the right to cancel it upon giving the *assured* five days notice. It is also shown by the plea that the property insured was the property of the plaintiff, and that she was named in the policy as the assured, and it is not averred that notice of cancellation was given to her by defendant. On the contrary the notice was only given to Janette Mauchlin who was named as mortgagee to whom "loss was payable as her interest might appear." It does not appear what was the amount of her mortgage debt, if that were important, or that defendant had the right under the policy to give the notice to Mrs. Mauchlin as the representative of the assured, the plaintiff, or that she had the right to surrender it for cancellation without the consent or authority of plaintiff. For clearly the facts alleged cannot be construed that Mrs. Mauchlin was plaintiff's agent in respect to surrendering the policy or receiving the notice.

The fact that she had possession of the policy, we apprehend, did not confer upon her the right to surrender it for cancellation without the consent of plaintiff.

It is true the text in 16 Am. & Eng. Ency. Law (2nd ed.) p. 873, relied upon by appellant as sustaining the sufficiency of the plea lays down broadly the rule that "when by the terms of the policy the loss is made payable to a mortgagee of the insured premises, notice to such mortgagee of the cancellation of the policy is sufficient and it is also not necessary to notify the owner." The only authority cited to support this proposition is the case of *Meuller v. S. F. I. Co.,* 87 Pa. 309. An examination of

that case discloses that it does not support the proposition. There the policy authorized the defendant to give the notice to the "assured or his representatives." The court held that under the policy the mortgagee was the "representative" of the assured and that defendant had the right to give the notice to him, which in no wise contravenes the principle universally recognized, that the right in the defendant to cancel the policy is strictly construed and the condition imposed upon it with respect to giving notice of cancellation must be strictly performed.—1 Biddle on Insu. 368; 1 May on Insu. 367, et seq; 16 Am. & Eng. Ency. Law (2nd ed.), p. 873; 2 Joyce on Insu. § 1660.

The 13 and 14 replications were amended so as to meet the demurrers interposed to each of them. After amendment they were not demurred to.

The 3rd plea sets up that plaintiff did not, before the commencement of the suit, give notice to the defendant in writing of the loss as required by a term of the policy; and the 4th, that plaintiff did not give immediate notice to defendant in writing of the loss as required by the policy. The provision of the policy with respect to notice, is in this language: "If a fire occur the insured shall give immediate notice of any loss thereby in writing to the company," etc.

The 16th replication to these pleas simply avers that defendant had actual notice of the loss within forty-eight hours after the fire. It will be observed that it is not averred how the actual notice was by the defendant acquired, whether by information given by the assured in writing or otherwise or by acquiring the information from a stranger or by an agent of the company visiting the "scene of the fire" or in some other way. Construing the replication most strongly against the pleader, as we must do, it cannot be held that the notice was acquired in the manner provided by the policy, but as ascertaining broadly that knowledge on the part of the defendant of the loss in whatever manner acquired, excused the giving of the written notice of the loss by the assured. It does not attempt to set up a waiver by defendant of the notice which the assured bound itself to give. The fact that the company knew of the loss did

42c

not excuse the giving of the notice within a reasonable time.—2 Ward on Fire Insu. p. 939; 1 Joyce on Insu. § 576. The replication was clearly insufficient and the demurrer interposed to it should have been sustained.

It is however insisted by appellee that the overruling of the demurrer was inocuous. This seems to be predicated upon the theory that the averments of the 13th and 14th replications, as amended, were, as a matter of law, undisputedly established by the evidence.

It is true the evidence does show that plaintiff's husband, acting as her agent gave verbal notice of the loss to the local agent of defendant who issued the policy, and that in a conversation between them on that occasion something was said by defendant's agent about the policy having been cancelled. But what was said was a matter of dispute between them on the trial. If the agent's version of that conversation be the true one, clearly neither of the replications can be said, as matter of law, to have been proven.—*Queen Insu. Co. v. Young,* 86 Ala. 431. Nor do we mean to here affirm that if plaintiff's husband's version be the correct one that the replications were proved. If his statement be taken as true, and as showing an unqualified denial of liability of the company on the part of the agent, whether this constituted a waiver by defendant of the notice required to be given depends upon the authority of the agent to bind it by his statement, which will be adverted to later on in this opinion.

It is not insisted that the other replications to these pleas to wit; 15, 17, 19 and 20 were proven beyond adverse inference. It follows, therefore, that it cannot be declared that the error complained of was not injurious to defendant, since it is impossible to affirm upon which of the issues of fact presented by the several replications, that the verdict of the jury was responsive to.

The 19th and 20th replications present substantially the same issue, viz; that defendant was not entitled to notice or proof of loss on account of its violation of section 2619 of the Code, by belonging to or being connected with a tariff rate making association. The objection urged against the sufficiency of these replications is that the statute is unconstitutional. The statute does not

[Continental Insurance Co. v. Parkes.]

create an absolute liability on an unoffending insurance company, nor does it impose a penalty for making a defense in the courts. It deprives all persons and corporations alike engaged in the business of fire insurance from demanding certain proof to be made by the insured and imposes a penalty as a consequence of its violation. The manifest purpose of the statute was to prevent monopoly and to encourage competition. The evil thus intended to be remedied was one violative of public policy as defined by the common law. The statute only imposes a penalty on what was already offensive to public policy. It did not make that which was innocent an offense, but simply provided a punishment for doing that which was already prohibited. In other words, it is a legitimate exercise of the police power of the State.—1 Tiedeman on State & Federal Control of Persons and Property, § 105. Nor is it violative of the constitutional provision for singling out particular persons or corporations and discriminating against them. It applies alike, as said above, to all persons or corporations, domestic or foreign, engaged in the business of fire insurance.—*Youngblood v. B. T. & S. Co.*, 95 Ala. 521; *O. Insu. Co. v. Daggs*, 136 Mo. 382; S. C. 172 U. S. p. 557.

Nor is it of consequence that the defendant is a foreign corporation. The state has the power to prevent foreign corporations from making contracts within its borders altogether or to impose such terms as it may deem' expedient, provided they do not conflict with the exclusive powers of congress.

That foreign insurance companies are not engaged in inter-state commerce is too well settled to admit of dispute.

As said by the Supreme Court of the United States in *Paul v. Virginia*, 8 Wall. 168: "The policies are simple contracts of indemnity against loss by fire, entered into between the corporation and the assured, for consideration paid by the latter. These contracts are not articles of commerce in any proper meaning of the word. They are not subjects of trade and barter offered in the market as something having an existence and value independent of the parties to them. They are not commodities to be shipped or forwarded from one state to another

and then put up for sale. They are like other personal contracts between parties which are completed by their signatures and the transfer of the consideration.

"Such contracts are not interstate transactions, though the parties may be domiciled in different states." The demurrer to the replication was properly overruled.

This disposes of all assignments of error insisted on relating to rulings on pleadings.

Many written charges refused to defendant are assigned as error, and several of these assignments are insisted upon. But we will not undertake to pass upon them in detail. Suffice it to say that under the evidence, it was a question for the jury to determine whether the Birmingham underwriters agency had authority to waive notice and proof of loss.—*Robinson v. Aetna Insu. Co.*, 128 Ala. 477.

That agency, it seems, had the authority, among other things, to cancel policies of insurance issued by it for defendant; from this, and other acts, done by the agency, not expressly conferred by the instrument appointing it as agent, and recognized by its principal as having authority to do, it was open to the jury to find that its agent had authority to deny the defendant's liability on account of the policy having been cancelled. And if it, through its president Smith, made a distinct denial of defendant's liability (a fact to be ascertained by the jury), because the policy had been cancelled, this would be a waiver of the notice and proof of loss as required of the assured by the policy.

Again, under the evidence whether the defendant was in any wise connected with a traffic rate making association, in violation of the statute, was also a question for the jury.

Reversed and remanded.

McClellan, C. J., Simpson and Anderson, J.J., concurring.