# Jones Cotton Co. *v.* Snead, *et al.*

## *Assumpsit.*

(Decided Feb. 10, 1910.  Rehearing denied Dec. 22, 1910.
53 South. 988.)

1. *Evidence; Parol; Explaining Receipts.*—Where a paper writing is a receipt and not a contract it may be contradicted or explained by parol evidence.

2. *Same.*—In so far as a written instrument is a contract, it may not be contradicted or varied by contemporaneous parol evidence.

3. *Sale; Validity; Uncertainty.*—The instrument in this case set out and held not to be void as to uncertainty as to the price, as it was capable of being made certain, although it did not purport to be a complete contract, being in part a receipt and in part a statement of the terms of the contract.

4. *Same; Construction; Contract.*—Under the provisions of the agreement in this case, which is set out in the opinion, the price to be paid was the market price of middling cotton on the day the seller demanded the balance of the price, provided he notified the buyer before twelve o'clock on the day settlement was demanded.

[Jones Cotton Co. v. Snead, et al.]

5. *Principal and Agent; Authority; Implied Authority.*—The authority to purchase implies the authority to agree upon the necessary terms of sale including the price; hence, an agent having authority to purchase particular cotton had implied authority to agree with the seller on a price, and the principal would be bound by the price fixed unless the seller had notice or knowledge of the principal's instructions to the agent to pay a different price.

6. *Appeal and Error; Harmless Error; Party Entitled to Affirmative Instructions.*—Where under the issues and evidence, the plaintiff is entitled to the affirmative charge as for the amount of the verdict rendered, any errors committed during the trial become immaterial on appeal.

APPEAL from Madison Law and Equity Court.

Heard before Hon. TANCRED BETTS.

Action by J. H. Snead and others against the Jones Cotton Company for the price of cotton sold. Judgment for plaintiff and defendant appeals. Affirmed.

D. A. GRAYSON, and CALLAHAN & HARRIS, for appellant. The agreement set out is void and the court cannot give it effect.—*Robinson v. Bullock,* 58 Ala. 621; *Boykin v. Bank of Mobile,* 72 Ala. 269. The contract cannot be said to be ambiguous so as to be made certain by evidence aliunde.—4 Enc. P. & P. 918. The price is not fixed by the contract, and hence, it is void for that reason.—*Pullium v. Schimpf,* 109 Ala. 182. It is uncertain as to time.—*Howard v. E. T. V. & G.,* 91 Ala. 270; 9 Cyc. 618; *C. & C. Groc. Co. v. B. W. S. Co.,* 106 Ala. 127. Plaintiff's remedy was on an implied promise to pay the market price at the time of delivery.—1 Parsons on Contr. 525. If Baugh had the authority contended for the effect would have been the making of a new contract, or a modification of the original contract which must have been counted on to authorize a recovery.—*Hunt v. Hall,* 37 Ala. 705. Charge A states a correct proposition of law.—*Wilkinson v. Williamson,* 76 Ala. 168; *Nat. B. v. Hall,* 101 U. S. 49.

GOODHUE & BLACKWOOD, and WALKER & SPRAGINS, for appellee. The court did not err in overruling demur-

rer to the 5th count.—*Green v. Lewis,* 85 Ala. 221; 44 Wis. 72; 74 Ill. 213; 8 Gray. 459; 11 U. C. Q. B. 545; 55 Ill. 44; 96 U. S. 329; 29 Wis. 537; 24 A. & E. Enc. of Law, 1036. The same propositions that apply to the 5th count apply with still greater force to the 4th count. Where the fact of agency and the extent of the authority of the agent rests in parol, it becomes a question for the determination of the jury.—*U. S. L. I. Co. v. Lesser,* 126 Ala. 568. In the face of the letter referring the matter to Baugh for final adjustment no secret instructions to Baugh could have any effect on his power to represent the Jones Cotton Company in making this settlement, and under all the facts connected therewith the plaintiff was entitled to have a verdict directed for the amount of the verdict, and hence, any other error was without injury.—*Hannon v. Palmer,* 76 Ala. 157; *Baker v. Barclift,* 76 Ala. 414.

MAYFIELD, J.—Appellant received from appellees, through its agent, Baugh, 306 bales of cotton. The sum of $12,440 was advanced on the delivery of the cotton. The day after the last lot was delivered, the appellant, through its agent, delivered to appellees the following written statement:

Boaz, Ala., December 19th, 1907.

Recd. John H. Snead & McKleskey for shipment on account the following No. bales of cotton, viz.:

| Nov. 14th, | 145 B/ advance | $6,240.00 |
|---|---|---|
| Dec. 1st, | 81 " " | 3,245.00 |
| " 14th, | 54 " " | 2,160.00 |
| " 18th, | 26 " " | 800.00 |

This cotton to be settled for at any time Snead & McKleskey may elect by giving notice before 12 o'clock on the day to be closed out on basis Mid.

C. M. Baugh, Agt., Jones Cotton Co.,
Huntsville, Ala.

The instrument is treated by appellees as a void contract, because not executed; and by appellant as a contract void for uncertainty. The truth and law of the whole matter is it is not, strictly speaking, a complete or entire contract. In part, it is a receipt for the cotton and for part of the price therefor—this, from the mere recitals of that part of the contract which was executed—and in part, the recital or written evidence of an executory contract. In so far as it was a receipt, it was of course governed by the law regulating receipts—that is, it was open to contradiction or explanation by parol proof; and in so far as it was a contract it was governed by the law of written contracts, and could not be contradicted or varied by contemporaneous proof.— *Gravlee v. Lamkin,* 120 Ala. 210, 24 South. 756; *Smith v. Southern Express Co.,* 104 Ala. 387, 16 South. 62.

We cannot agree with appellant that the contract specially declared on, as shown above, is void for indefiniteness and uncertainty. It does not attempt or purport to set out the entire contract, but, as it shows on its face, it is a mere written memorandum of the real and complete contract—a memorandum in the form of a receipt, as to the executed part; and a written statement of the terms of that part which was executory.

While the price at which the cotton was sold, or to be sold, is not shown by the writing, and, as the proof shows, was not definitely fixed or named at the time of the sale, yet it is shown that the parties did, at the time the contract was made, settle upon a method by which the price was to be determined with certainty. That method is expressed in the contract, in the provision that the price should be the market price of middling cotton on the day the seller should demand settlement or payment of the balance of the purchase price, provided he gave notice before 12 o'clock on the day of set-

tlement. This was sufficiently definite and certain, or, accurately speaking, was capable of being made so; and it was alleged and proven that it was so made certain in this case.—Mecham on Sales, § 210; *McBride v. Silverthorn*, 11 Up. Can. O. B. 545; *McConnell v. Hughes*, 29 Wis. 537; *Shaw v. Smith*, 45 Kan. 334, 25 Pac. 886, s. c. 11 L. R. A. 681; Ross on Vendors, 51; *Ames v. Quimby*, 96 U. S. 324, 24 L. Ed. 635.

There was no dispute as to the amount, quantity, or grade of the cotton, nor that the appellees had the right to name the day on which the transaction should be closed, and that the market price of that day should be the price of the cotton sold; but it was contended by the appellant that it was the New York price of futures, and not of middling spots, and that the appellees should lose the costs of the margins necessary to carry the contracts of futures from date of delivery to date of settlement.

It was also contended by the appellant that its agent, Baugh, who made the contract, had no authority to make such contract as that evidenced by the written instrument heretofore set out; that his authority was to receive on different terms—that is, at the price of New York futures and costs of margins, etc. It was not denied, however, that Baugh was the agent of the vendee, and that he received the identical cotton in question from the appellees for the appellant, and that he was specially authorized to take this particular cotton, and did get it, and that appellant knew at the time and ever thereafter, and that it received whatever benefits that accrued or could have accrued to it on account of the contract, and, after knowledge of the receipt of the cotton, paid large parts of the price, in fact, all that was paid; but appellant claims that it did not know that Baugh had made the particular contract which he did make as to the price; that it thought it was a different

one from that made in the receipt above set out. Baugh also says that he had no authority to make the contract which he did make, and thought he made a different one, in accordance with his instructions. But there is no evidence that the appellees ever heard of any such terms until long after the transaction, and the delivery of the cotton. There are some confused statements by the witness, Baugh, to the effect that he thought he made a different contract, and one in accordance with his instructions, yet all the evidence (including his own) leaves no reasonable doubt that he made but one contract, and that evidenced by the writing sued on.

It may be that Baugh did not fully follow his instructions as to the purchase of the cotton. If he did not as between these parties, the loss, if any, must fall upon his principal, and not upon the parties from whom he received. If he had no authority to contract, and the alleged principal had not ratified the contract, the loss, if any, would fall upon the persons dealing with him as such agent; but the authority to purchase the cotton necessarily carried with it the power to agree on some price, and unless those dealing with him knew of the instructions of his principal as to this particular transaction, or were chargeable with notice thereof, the limitations as to price would not be binding on them. Authority to purchase implies the power to agree upon all the necessary terms of sale, one of which is the price.— Mecham on Agency, § 365.

After demand made by the vendors for settlement and the difference between vendors and vendee as to whether it was the price of spots or of futures which, by agreement of the parties, should control, the same agent, Baugh, was sent to the appellees; and they agreed on a price less than the market price of spots, but great-

er than the price of futures less the cost of margins, as contended for by the vendee, and they settled on this basis, the agent drawing a draft on the vendee for a part of the balance due, promising to pay or remit the balance within a few days. The vendee honored and paid this draft, but declined to pay the balance except upon the basis of futures less the cost of margins. Hence this suit.

The plaintiffs declared on the common counts, and by amendment added two counts, each declaring on the special contract. Demurrers were overruled to the special counts, and a great number of pleas were filed to these special counts and to the complaint. Demurrers were sustained to a number of these, and overruled as to others. These pleas set up the general issue, set-off, and recoupment, etc. Trial was had upon the issues thus raised, and resulted in verdict and judgment in favor of plaintiffs (appellees) for $1,606.46, from which judgment defendant appeals, here assigning various errors as to the rulings on demurrers and on the evidence, and as to the charges of the court. The court eliminated the common counts by giving the affirmative charge for defendant as to these counts.

It is wholly unnecessary to consider or discuss the various assignments of error, for the reason that, even if all of them could be sustained, it nevertheless affirmatively and conclusively appears from this record that, under all the evidence in the case, applied to the issues upon which it was tried, the plaintiffs were clearly entitled to the general affirmative charge for the amount of the verdict rendered; and every benefit and right to which defendant was entitled was accorded to it. The defendant had neither legal nor equitable cause to complain, so far as this record shows; and the judgment

[Comer v. Franklin.]

complained of was the only one that could properly have been rendered.

The judgment is affirmed.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.