(130 So. 409)

**NEARHOS et al. v. KEITH et al.**

6 Div. 670.

Supreme Court of Alabama.

Oct. 23, 1930.

644

Thos. J. Judge, of Birmingham, for appellants.

London, Yancey & Brower, of Birmingham, for appellees.

GARDNER, J.

Plaintiffs entered into a contract for the purchase of certain real estate from defendants and paid cash the sum of $250. Plaintiffs insist the abstract of title disclosed more mortgages than stated in the contract (though not greater in amount), and on advice of counsel declined to consummate the sale, and sued to recover the cash payment under the contract stipulations. Smith v. Blinn, ante, p. 24, 127 So. 155.

The contract was the result of the activity of a real estate agency which in fact received the cash payment, and none of which reached the hands of the defendants. The question of agency was one of importance.

Defendants offered evidence tending to show that the agent was acting for and on behalf of plaintiffs and not themselves. Defendants' question to the agent for whom he was acting in the transaction was disallowed. This was error. "While agency may not be proved by the declarations of the agent, it may unquestionably be established by the testimony of the agent." Parker v. Bond, 121 Ala. 529, 25 So. 898, 902; 2 C. J. 933.

The court should also have permitted other questions propounded to this witness as to whether or not the money was delivered to defendants or whether or not he ever consulted defendants in regard to this transaction or whether or not he had ever had any previous transactions with them. Also the defendant Nearhos should have been permitted to state all the circumstances under which the contract was signed.

The question of agency is a matter of fact, which it is the province of the jury to determine from any evidence otherwise competent that has a tendency to establish it. 2 Corpus Juris 932; Robinson v. Greene, 148 Ala. 434, 43 So. 797; Sellers v. Commercial, etc., Ins. Co., 105 Ala. 282, 16 So. 798.

We gather from objections interposed that the court's ruling was based upon the recitals of the contract wherein defendants acknowledged receipt of this sum and that such evidence would violate the rule against a contradiction of a contract in writing by parol. But this theory overlooks the fact that the instrument offered in evidence is of a dual character in this respect. As to acknowledgment of the receipt of the cash payment it is but a receipt and comes within the general rule permitting explanations or modifications by parol evidence. A. G. S. R. R. Co. v. Norris, 167 Ala. 311, 52 So. 891; Jones, etc., Co. v. Snead, 169 Ala. 566, 53 So. 988; Windham v. Hydrick, 197 Ala. 125, 72 So. 403; 22 Corpus Juris, 1135.

■ We think also the plaintiffs' question to witness Chamblee (sixth assignment of error) should have been allowed, as it had some tendency to show an admission for whom the agent acted, and that in fact the matter of two mortgages instead of one was not of importance and not considered as a ground for refusal to consummate the sale.

While the action is on the common counts, yet the rights of the parties depend upon and arise out of the contract made with them jointly, and, under the authority of Jones v. Adler, 175 Ala. 80, 56 So. 577, we concede the affirmative charge requested upon the theory of a fatal variance was properly refused.

For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.