63 So.2d 34

**MOBILE FIRE & MARINE INS. CO. v. KRAFT.**

I Div. 643.

Court of Appeals of Alabama.

Jan. 27, 1953.

Vincent F. Kilborn and Wallace L. Johnson, Mobile, for appellant.

Robt. T. Ervin, Jr., Mobile, for appellee.

CARR, Presiding Judge.

This appeal is from a judgment below in favor of the plaintiff.

The case is based on an insurance contract in which the appellant agreed to indemnify the appellee against loss by virtue of "collision or upset" to the latter's automobile.

The cause was tried by the court without the aid of a jury.

The only question of reviewable concern is whether or not the policy was cancelled, so as to affect the rights of the insured, prior to the time he suffered collision damages to his automobile.

There is only slight conflict in the evidence.

In July 1949 Mr. Kraft, the appellee, purchased a Plymouth car from Standard Motors, Inc., of Mobile, Alabama, under a written conditional sales contract, by the terms of which monthly payments were to be made covering a period of twenty-four months. Subsequently the vendor transferred and assigned the contract to First Finance, Inc., of Mobile, Alabama.

The appellee, under the provisions and requirements of the conditional sales contract, purchased the policy in question from the appellant.

It appears that the finance company procured the issuance of the policy, which named "Fritz A. Craft, Jr." as the insured with a loss payee clause stipulating: "Any loss hereunder is payable as interest may appear to the insured and First Finance, Inc., Mobile, Ala."

The premium in the amount of $104 was paid by the finance company to the appel-lant and assured coverage on the property from July 30, 1949, to July 30, 1951. The amount of the premium was included in the conditional sales contract and became a part of the total sum which was prorated in the monthly payments.

First Finance, Inc., retained possession of the policy, but a certificate thereof was issued and delivered to the appellee.

The indicated monthly payments were made until November 22, 1950. On this date appellee's wife paid in lump sum the remaining unpaid balance and received a receipt evidencing payment of the account in full. At this time Mr. Kraft was away in military service.

Credit was given on the balance due of $24 which Mrs. Kraft testified was estimated by the finance company to be the amount of discount of interest on the conditional sales contract. She stated that the matter of insurance was not mentioned.

In this aspect Mr. Jordan, president and general manager of the finance company, testified that he did not handle the transaction personally with Mrs. Kraft, but according to the information he had the rebate "included the insurance cancellation * * * and finance charges too."

This is the only evidence appearing in the record which in any manner establishes proof that either Mrs. Kraft or her husband had any notice or information of the purpose or plan to deliver the policy to the appellant for cancellation. It must be conceded that the potential value of this evidence is slight. In any event, at most it could only present a disputed factual issue.

On November 24, 1950 the finance company delivered the policy to the appellant. On this date the instrument was endorsed "Cancelled."

The appellant credited the account of the finance company with $34.63, which represented the unearned premium on the policy. This amount was never remitted to the appellee or his wife, nor did either ever have any notice or knowledge of the cancellation prior to the damage to the automobile.

On January 7, 1951 appellee's car was damaged by reason of a collision. Hence this suit.

The cancellation provision in the policy is:

"This policy may be canceled by the insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing.

"If the insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after cancelation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the insured."

■ Our Supreme Court has held that the privilege given in a policy to cancel it must be strictly construed and the conditions therein stipulated must be strictly performed. Continental Insurance Co. v. Parkes, 142 Ala. 650, 39 So. 204.

■ The rule prevails also that, when an insurance company asserts cancellation of a policy as a defense in a suit on the contract, the burden is cast on the defendant to prove the allegations of the plea. Spann v. Commercial Standard Ins. Co. of Dallas, Texas, 8 Cir., 82 F.2d 593, and cases cited in the opinion.

■ The appellant in the case at bar anchors its insistence for error on the doctrine that "cancelation of an insurance policy under a provision thereof allowing cancelation at the request of the insured may be effected through agents." 29 Am.Jur., § 295, p. 271.

The soundness of this doctrine cannot be questioned, but we are convinced that the facts in the instant case will not permit this rule to be applied.

■ The law seems to be well settled that authority to an agent limited solely to the procurement of a policy does not include per se the right of the agent to cancel the policy. Insurance Co. of North America v. Forcheimer & Co., 86 Ala. 541, 5 So. 870; Insurance Companies v. Raden (Niagara Fire Ins. Co. v. Raden), 87 Ala. 311, 5 So. 876; Spann v. Commercial Standard Ins. Co. of Dallas, Texas, supra; City of New York Ins. Co. v. Jordan, 5 Cir., 284 F. 420; Jordan v. Commercial Union Fire Ins. Co. of N. Y., La.App., 167 So. 227; 45 C.J.S., Insurance, §§ 450(2), 456, pp. 94, 111.

This rule has the same application although the insurer may have delivered the policy to the agent after its issuance and the latter held possession of the instrument at the time of the attemped cancellation. Spann v. Commercial Ins. Co. of Dallas, Texas, supra; K. C. Working Chemical Co. v. Eureka-Security Fire & Marine Ins. Co. of Cincinnati, Ohio, 82 Cal.App.2d 120, 185 P.2d 832; Jordan v. Commercial Union Fire Ins. Co. of N. Y., supra; 45 C.J.S., Insurance, § 456, p. 112.

45 C.J.S., Insurance, § 455(b), p. 110, in pertinent part states: "In property insurance, a mortgagee in possession of the policy, and to whom it is payable as his interest may appear, has no authority to surrender it without insured's consent; and a policy made payable to vendor and vendee as their interest may appear cannot be surrendered by the vendor for cancellation without the vendee's consent, although the vendor has possession of it."

In the case of Continental Ins. Co. v. Parkes, supra, it appears from the averment of the plea asserting the defense of cancellation that by the provisions of the policy

the insurer reserved the right to cancel the contract upon giving five days notice of such intention to the insured.

It also appears that the property insured was owned by the plaintiff below and she was named in the policy as the insured. There were no averments in the plea that she was given notice of cancellation by the insurance company. On the contrary, it appears that notice was given to the person who was named as mortgagee to whom "loss was payable as her interest might appear." [142 Ala. 650, 39 So. 206]

In response to a review of the sufficiency of the plea the court stated: "For clearly the facts alleged cannot be construed that Mrs. Mauchlin (mortgagee, we add) was plaintiff's agent in respect to surrendering the policy or receiving the notice. The fact that she had possession of the policy, we apprehend, did not confer upon her the right to surrender it for cancellation without the consent of plaintiff."

See also, Jordan v. Commercial Union Fire Ins. Co. of N. Y., supra.

■ We have an analogous situation in the case at bar. The finance company procured the issuance of the policy, as we have stated herein above. The relationship of principal and agent in the premises terminated at this time. The cancellation of the policy was attempted without the knowledge or consent of Mr. Kraft or his wife according to the testimony of the latter. There is no factual foundation in the record for the application of the doctrine of ratification.

The appellant was charged with knowledge that the authority to procure the policy did not imply any power to cancel it, and it had no right to assume such authority existed from the mere fact that the finance company held possession of the instrument and surrendered it with request for cancellation.

The circumstances incident to the delivery imposed on the appellant the duty to use reasonable diligence to ascertain the nature and extent of authority and to reasonably conclude the act to be within the purview of a duly authorized agent. Smith v. Thomson, 203 Wis. 56, 233 N.W. 576;

Paine v. Sheridan Trust & Savings Bank, 342 Ill. 342, 174 N.E. 368; Filkins v. State Assurance, D.C., 8 F.2d 389; Rolens v. Keller Const. Co., Mo.App., 24 S.W.2d 1077.

We entertain the view that the judgment below is correct and it should be affirmed. It is so ordered.

Affirmed.