80 So.2d 253

TRANS–AMERICA INS. CO.

v.

Henry L. WILSON et al.

6 Div. 784.

Supreme Court of Alabama.

March 10, 1955.

Rehearing Denied May 19, 1955.

Davis & Marsh, Bessemer, for appellant.

Barber & Barber, Birmingham, for appellee.

MERRILL, Justice.

The appellant, Trans-American Insurance Company, a corporation, successor to Trans-Continental Mutual Insurance Company, Inc., filed a petition for a declaratory judgment and temporary restraining order seeking to determine its liability under a policy

of insurance issued to one of the appellees, Henry L. Wilson.

The automobile liability policy was issued on March 12, 1953, for one year's coverage for a cash premium of $47 and was delivered to Wilson. A purported notice of cancellation of the policy was mailed at the Birmingham Post Office on June 10, 1953, at 7:30 P.M. to Henry L. Wilson at his address shown on the policy and the notice showed the cancellation to be effective at 12:01 A.M. on June 15, 1953. Wilson denied that he ever received the notice of cancellation.

Wilson's automobile was in an accident on the 6th day of September 1953 and the respondents other than Henry L. Wilson have instituted suits for damages against him. On September 7, 1953, Wilson reported the accident and on September 10, 1953, a check was sent to Henry L. Wilson in the amount of $34.78 for the return premium on his policy based on its cancellation on June 15, 1953. Wilson did not live at the address shown on the policy at the time but the letter containing the check was brought to him by the occupant of the premises at that address on September 11, 1953. He did not cash the check and has continuously refused to execute a nonwaiver agreement with the insurer, it being his contention that he was still insured under the policy. It was the contention of the appellant that the policy had been cancelled in June 1953.

After hearing the testimony the court held that the cause presented a bona fide justiciable controversy appropriate for a declaratory decree and that the policy was in force and effect on the 6th day of September 1953, the date of the accident. Other parts of the decree are as follows:

"3. That the process of cancellation prescribed in paragraph 22 of the conditions of said policy had not been validly and effectively completed by the insurer in strict compliance with the terms and provisions of the policy governing same, as of the 6th day of September, 1953.

"4. That complainant's contention that the policy had been validly and completely cancelled, and was of no force and effect, and that there was no coverage in existence on the date of the collision is not well founded.

"5. That the insurer is obligated under said policy, as against complainant's contention that same had been validly cancelled theretofore, as to such rights and liabilities as may have accrued under said policy as of the 6th day of September, 1953.

"6. That, under the circumstances of this case, because of the wrongful retention by the insurer of the unearned premium beyond the date of the collision, it is precluded, under the principle of waiver, or under the equitable doctrine of estoppel, or under the maxim that 'He who comes into Equity, must come with clean hands', from successfully asserting the alleged cancellation of June 10, 1953."

The cancellation clause in the policy is as follows:

"Section 22. This policy may be canceled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The

534

company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured."

■ The principle is universally recognized that the right in the insurer to cancel an insurance policy is strictly construed and the condition imposed upon it with respect to giving notice of cancellation must be strictly performed and the language of the policy being of the insurer's own choosing, it is to be construed most strongly against it. Continental Insurance Co. v. Parkes, 142 Ala. 650, 39 So. 204; Mobile Fire & Marine Ins. Co. v. Kraft, 36 Ala.App. 684, 63 So.2d 34; American Auto Ins. Co. v. Watts, 12 Ala.App. 518, 67 So. 758.

We do not reach item six of the decree of the lower court, because we agree with that part of the decree which holds that the attempted cancellation was not effective. The purported notice of cancellation was on a printed form and ended:

"Please return the policy and oblige.

"Yours very truly,
"Trans-Continental Mutual
Insurance Co., Inc.
By *Magic City Insurance
Agency.*"

(The emphasized words were typewritten, the other quoted words were printed on the form.)

We think it is undisputed that this notice was mailed to Wilson at the address shown in the policy. As already stated, however, he denied that he received it but we reach the same result irrespective of whether he did or did not receive the notice.

■ It is argued that the proof shows on its face that the insurer did not give the five days' notice required by Section 22· of the policy because five days could not elapse between 7:30 P.M. on June 10th and 12:01 A.M. June 15th, but that contention is answered in the case of Black v. Travelers Ins. Co., 231 Ala. 415, 165 So. 221, 222, where it was said:

. "The rule is well settled in this and other jurisdictions, that, when the notice declares that the cancellation is presently operative, or fixes a time shorter than that prescribed, where the policy requires a certain number of days' notice, it becomes effective at the expiration of the prescribed period. Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 96 So. 250; 32 Corpus Juris, 1249, 1250, § 437, note 18; 35 A.L.R. p. 899 et seq., note."

■ We think the question in the instant case is one of fact and burden of proof. The authorities are clear that an insurer asserting cancellation of a policy has the burden of proof. Mobile Fire & Marine Ins. Co. v. Kraft, 36 Ala.App. 684, 63 So. 2d 34; Spann v. Commercial Standard Ins. Co. of Dallas, Texas, 8 Cir., 82 F.2d 593; Commercial Casualty Insurance Co. v. Columbia Casualty Co., 22 Tenn.App. 656, 125 S.W.2d 493; Great American Indemnity Co. v. Deatherage, 175 Okl. 28, 52 P.2d 827; Wahl v. State Workmen's Ins. Fund, 139 Pa.Super. 53, 11 A.2d 496; Clark v. Employers Mutual Casualty Co., 8 Cir., 90 F.2d 667, 115 A.L.R. 1204.

■ "A corporation in its relations to the public is represented and can act only by and through its duly authorized officers and agents." 19 C.J.S., Corporations, § 999.

■■ The appellant has wholly failed to prove that any one concerned with the preparation or mailing of the notice of cancellation acted as its agent with authority to cancel. Its three witnesses were George N. Moore, W. Earl Richards and L. H. Walden. Moore testified that he did not sign the cancellation notice, that he was a Special Agent without authority to sign it and that while he mailed the cancellation notice, he did that through and for Mr. Richards.

Mr. Richards testified that in 1952 Magic· City Agency was a partnership composed. of himself and Mr. R. L. Roberts, that Roberts was the duly authorized licensed

agent for Trans-Continental Mutual Insurance Company, that his partnership with Roberts had been terminated prior to June 1953 and subsequent to the termination he (Richards) had been the sole owner and proprietor of Magic City Agency, but that he had never been an agent of Trans-Continental Mutual Insurance Company and was not such agent on June 10, 1953, the day the purported notice of cancellation was prepared in his office and signed as described supra.

The policy is countersigned by R. L. Roberts as the duly authorized representative of the company. The president of the Trans-American Insurance Company and former president of Trans-Continental Mutual Insurance Company, L. H. Walden, failed to testify that Richards or Magic City Agency was the agent of the company in June 1953. Thus the evidence in behalf of the insurer fails to show that the attempted cancellation was the act of any agent or officer of the company and the notice could not be effective to cancel the policy of insurance on which the annual premium had been paid in full by the insured.

Where the evidence as to the existence of agency is in dispute, or reasonable adverse inferences from evidence are deducible, the solution of the question of agency raises an issue of fact, Thompson v. Atchley, 201 Ala. 398, 78 So. 196, 79 So. 478, and being a question of fact, it is the province of the jury (here the court) to determine same. Nearhos v. Keith, 221 Ala. 643, 130 So. 409.

The presumption is in favor of the decree of the lower court, the evidence having been taken ore tenus before him. We cannot assert that his finding was plainly or palpably wrong. 2 Ala.Dig. Appeal & Error, ☞1008(1).

The decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.