ALMON, Justice.
This is an appeal by Emertha J. Angus from a judgment in favor of Liberty National Life Insurance Company.
The appellant brought suit as a beneficiary of a life insurance policy issued to her former husband, Franklin Angus. Mr. Angus died on September 11, 1980, and Liberty National refused payment, contending that the policy had been cancelled or had lapsed because of nonpayment of premium. The jury rendered a verdict for Liberty National.
The question to be resolved is whether the jury was properly charged on the burden of proof regarding cancellation of the insurance policy.
The following written charge, submitted by appellant, was refused by the trial court:
“The Court charges the jury that the burden is upon the plaintiff to reasonably satisfy you by the evidence of (1) the existence of the policy of insurance sued on; (2) the death of the insured, Franklin D. Angus; and (3) the giving of notice of proof of death to Liberty National Life Insurance Company. Once this burden of proof is met by the plaintiff, the burden is upon the defendant, *972 Liberty National Life Insurance Company to prove a valid cancellation of the policy of insurance or the non-payment of premiums.” (emphasis added)
Instead, the trial court instructed the jury as follows:
“Now, ladies and gentlemen, the Plaintiff, in bringing the lawsuit, has the burden of proving to your reasonable satisfaction the following. First of all, the existence of a valid policy of insurance that is sued upon in this case. In other words, the Plaintiffs Exhibit 1, that that policy was in force and effect on September 11, 1980. The Plaintiff further must prove that the person insured under that policy, that is Franklin D. Angus, Sr., died, and further that notice or sufficient notice was given to the insurer, that is, Liberty National Life Insurance Company. Once this burden of proof is met by the Plaintiff, then the burden is on the Defendant, Liberty National, [to] prove a valid cancellation of the policy for nonpayment of premiums, or cancellation of the policy at the request of the Plaintiff, or a lapse of the policy for nonpayment of those premiums.” (emphasis added)
After the instructions were given, but prior to the jury’s retiring, appellant excepted to that portion of the charge which stated that she had the burden of proving that the policy was in effect on September 11, 1980.
In an action to recover under an insurance policy where the insurance company asserts cancellation as a defense, plaintiff has the burden of proving a prima facie case, and then the burden shifts to the defendant to prove cancellation. In National Life & Accident Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571 (1926), this Court held:
“Plaintiff, to establish a prima facie case, must prove: (1) the existence of the contract or policy sued on; (2) the death of the insured or the happening of the event provided for in the policy; and (3) the giving of notice and proof of death, as required by the policy.”
215 Ala. at 351, 110 So. at 572. See Blue Cross-Blue Shield of Alabama v. Turner, 43 Ala.App. 542, 195 So.2d 807, 813, cert. denied, 280 Ala. 709, 195 So.2d 814 (1967). See generally National Life and Accident Ins. Co. v. Allen, 285 Ala. 551, 234 So.2d 567, 569 (1970); Globe Life Ins. Co. of Alabama v. Howard, 41 Ala.App. 621, 147 So.2d 853, 857 (1962); United Benefit Life Ins. Co. v. Dopson, 26 Ala.App. 452, 162 So. 545, cert. denied, 230 Ala. 660, 162 So. 546 (1935).[1]
In Mobile Fire and Marine Ins. Co. v. Kraft, 36 Ala.App. 684, 63 So.2d 34 (1953), the court held as follows:
“The rule prevails also that, when an insurance company asserts cancellation of a policy as a defense in a suit on the contract, the burden is cast on the defendant to prove the allegations of the plea.” (citations omitted)
36 Ala.App. at 686, 63 So.2d at 36. Trans-America Ins. Co. v. Wilson, 262 Ala. 532, 80 So.2d 253 (1955), states as follows:
“The authorities are clear that an insurer asserting cancellation of a policy has the burden of proof.”
262 Ala. at 534, 80 So.2d at 255. See Iowa Mutual Ins. Co. v. West, 40 Ala.App. 332, 116 So.2d 388, 394 (1959); United States Fidelity and Guaranty Co. v. Williams, 43 Ala.App. 205, 186 So.2d 738 (1966).
That portion of the charge which stated that plaintiff had the burden of proving “that [the] policy was in force and effect on September 11, 1980” was an erroneous statement of the law. In United Benefit Life Ins. Co. v. Dopson, supra, the court was reviewing a jury charge given in a life insurance case. The trial court charged the jury as follows:
“The burden being on the plaintiff to reasonably satisfy you twelve men that the policy was in force and effect on *973 February 4th when the assured, Tennyson Dopson died.” (emphasis added)
26 Ala.App. at 454, 162 So. at 546.
On appeal, the charge was held to be erroneous and therefore to support a motion for a new trial.
Rule 51, Alabama Rules of Civil Procedure, provides in part:
“The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in charges given at the request of the parties.”
In Alabama Power Company v. Tatum, 293 Ala. 500, 306 So.2d 251 (1975), this Court observed:
“Whatever result might have here obtained under the old practice we need not decide. We look, instead, to the new practice prescribed under Rule 51, A.R. C.P., which treats the entire charge as a single entity. When testing the validity of any of its parts, including ‘given’ written requested charges, we must now look to the whole of the court’s charge. See Lyons, Alabama Practice: Rules of Civil Procedure Annotated, Vol. .2, pp. 234-237.”
293 Ala. at 504, 306 So.2d at 255.
Having concluded that the refused written charge is a correct statement of the law and that that portion of the oral charge previously referred to is an incorrect statement of the law, we must decide whether a later correct statement in the oral charge cured or rendered harmless the previous error.
We have carefully studied the entire oral charge and considered what effect it might have had upon the jury, noting the instances in which the correct and incorrect statements were made. Under the applicable law, the burden cannot be upon the plaintiff to prove the insurance policy is in “force and effect” and at the same time be upon the defendant to prove cancellation. When viewed in its entirety, the charge is contradictory and misleading, and we cannot say that a correct statement of the law was substantially and fairly given to the jury.
The judgment is therefore reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
MADDOX, FAULKNER, EMBRY and ADAMS, JJ., concur.

. In Allen the Court used the term "issuance” instead of "existence.” In Howard and Dopson the Court referred to introduction of the policy into evidence instead of "existence.”