[No. 12017. In Bank. — December 8, 1890.]

# S. H. HARMON, APPELLANT, *v.* SAN FRANCISCO AND SAN RAFAEL RAILROAD COMPANY ET AL., RESPONDENTS.

86   617
. 86   623
86   617
115   222

APPEAL — CONSOLIDATION OF CAUSES — SEPARATE APPEALS. — The fact that causes were consolidated by order of the court below upon consent of counsel for the respective parties will not entitle them to be considered together upon appeal, if there were separate motions for new trials, separate bills of exceptions, and separate appeals, in each cause, and each is presented to the appellate court upon its own record.

MECHANIC'S LIEN — MATERIALS FURNISHED — EXCESSIVE CLAIM. — The bare fact that a material-man has filed a lien for too much material, or has set too high a price on it, will not, in the absence of fraud, defeat his right to recover for the value of so much material as was actually used in the structure upon which the lien is claimed.

ID. — SUBSTITUTION OF NEW CONTRACTOR — CLAIM OF LIEN — SEGREGATION OF MATERIALS. — When there is a substitution of a new contractor, who has simply stepped into the shoes of the original contrator, and has assumed all liabilities, with the knowledge and consent of the owner of the structure, without any new contract, and who is the only person with whom the owner has to settle, it is not necessary for a material-man claiming a lien to segregate the materials furnished to each contractor in the claim of lien filed, and if the proof segregates the amount furnished to each of them, no injury could possibly result to the owner.

ID. — RIGHTS OF MATERIAL-MAN. — A material-man whose claim of lien is valid is entitled to have it declared good to an amount not exceeding the amount of the contract price in the hands of the company when the lien was filed.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial.

The action was brought to enforce a lien for materials furnished to the original contractor under a contract to construct a portion of the San Francisco and San Rafael Railroad, lying between San Rafael and Point Tiburon, in Marin County. The plaintiff's claim of lien was filed for record June 18, 1884, and described the materials furnished as "lumber, timber, logging, and other like material." The claim showed that the original contractor for the work was one McDonald, with whom the claimant first contracted for the delivery of the material, and that

on February 6, 1883, McDonald assigned to one Hawley, with whom the claimant then contracted, and that upon the death of Hawley, before the completion of the work, he continued to deliver material to his legal representative. The claim did not segregate the amount furnished under each contractor, nor the amount of each kind of material furnished, but claimed a lien for a gross sum as balance due for all the material furnished. Further facts are stated in the opinion of the court.

*J. H. Boalt, Hepburn Wilkins,* and *H. A. Powell,* for Appellant.

*Lloyd & Wood, E. S. Lippitt, Charles F. Hanlon,* and *Oliver P. Evans,* for Respondents.

Paterson, J. — This cause was heard in Bank, and the judgment and order were reversed, and the cause remanded for a new trial in May last. We are satisfied with the conclusion then reached herein.

The evidence shows that "the work on the contract was completed on June 2, 1884." We are asked to consider the evidence in the record on appeal in the case of *Gordon Hardware Co.* v. *San Francisco & S. R. R. Co., post,* p. 620, because that case and the one at bar were consolidated, by order of the court below, upon consent of counsel for the respective parties; but this we cannot do. The plaintiff in each case was defeated in the court below, and each one moved separately for a new trial, the grounds of which were peculiar to the respective cases; separate bills of exceptions were prepared and filed, separate appeals were taken, and each case was presented in this court on its own record.

Respondent claims that the claim filed by plaintiff, and upon which this action is based, must have included material for which no lien could be maintained, because the plaintiff testified that of the lumber he furnished "there was used $1,159.13 worth in the building of temporary houses," and $577 paid on the lumber for freight

and cartage.   It does not clearly appear whether there was extra material included in the claim of lien, or an erroneous statement as to the value; and as the claim filed contained no articles except such as are the subject of lien, we cannot see that a lien for so much lumber, etc., as was actually used in the construction of the road, should be defeated by reason of this testimony.   The bare fact that the plaintiff had filed for too much lumber, or set too high a price on it, would not, in the absence of fraud, defeat his right to recover.

Whatever may be the rule in ordinary cases, where the material-man furnishes materials to several independent contractors, we do not think it was necessary for the plaintiff to segregate the amounts in the claim which he filed.   Hawley was the only person with whom the company had to settle.   The latter was liable only for the balance of the contract price held by it.   It was in no way interested in the question how much had been furnished McDonald before the assignment.   Hawley had simply stepped into McDonald's shoes, with the knowledge and consent of the company, and had assumed all liabilities.   There was but one contract on the part of the defendant.   On final settlement, McDonald was entitled to nothing, and we are unable to see how the company could be prejudiced by the failure to designate the amount furnished to each.   No question of priority is involved herein.   Where a statute required a claimant to state from whom the debt was due, it was held that a mistake in the name of the contractor would not defeat the lien, if it appeared that the owner was not harmed by the error.   (*Putnam* v. *Ross,* 46 Mo. 337.)   In the case at bar, the proof segregates the amount furnished to Hawley from that which was furnished to McDonald, so that no injury could possibly result.

We think that the court erred in rejecting the notice of lien.   Other points made by the respondent need not be specially noticed.

If the facts shown by the evidence of the plaintiff are true, he is entitled to have his lien declared good, to an amount not exceeding the amount of the contract price in the hands of the company at the time the notice of lien was filed.

Judgment and order reversed, and cause remanded for a new trial.

McFARLAND, J., SHARPSTEIN, J., FOX, J., THORNTON, J., and BEATTY, C. J., concurred.