(82 South. 129)

DIXIE LUMBER CO. et al. v. YOUNG et al.
(1 Div. 50.)

(Supreme Court of Alabama. May 1, 1919. Rehearing Denied May 22, 1919.)

1. APPEAL AND ERROR ⬗628(1)—FAILURE TO FILE TRANSCRIPT IN TIME—EXCUSE.

Though the transcript was not filed strictly within the time required by Supreme Court Rule 41 (175 Ala. xx, 56 South vi), yet where the affidavits on file furnish a satisfactory excuse therefor and delay was for a very short time, motion to dismiss appeal will be denied.

2. APPEAL AND ERROR ⬗377—AUTHORITY TO JOIN IN THE APPEAL — SECURITY FOR COSTS.

Where the parties to two causes of action were not the same, but the cases were consolidated for convenience by common consent, and plaintiff in the one case gave security for costs of appeal, but complainant in the other case did not join therein, or give any security for costs, motion to dismiss appeal as to complainant will be granted, though he attempted to join in appeal by filing a statement to that effect; the provision in regard to joining in appeal in Acts 1911, p. 589, having no application.

3. ASSIGNMENTS ⬗50(1)—EQUITABLE ASSIGNMENT—ORDER ON PARTICULAR FUND.

Where contractor as collateral to note given bank for balance due for loan made by bank to him for purposes of carrying out his contract gave bank an order on owner, who had a special fund on deposit in bank for payment of work, and owner was notified of order and made payments thereunder, the order operated as an equitable assignment of the fund covered thereby.

4. MECHANICS' LIENS ⬗113(2)—FURNISHING MATERIALS—NOTICE TO OWNER.

Where plaintiff furnished materials to contractor without notifying owner of building at time the materials were furnished, in compliance with Code 1907, § 4754, there can be no insistence that plaintiff acquired any lien for any unpaid balance due by the owner to contractor until notice was given.

5. MECHANICS' LIENS ⬗115(4)—PAYMENT TO CONTRACTORS—LIST OF MATERIALMEN—STATUTE—REPEAL.

Acts 1890–91, p. 578, § 2½, as to owner before making payment demanding of contractor a complete list of materialmen, laborers, and employers, was expressly repealed by Acts 1894–95, p. 1241, § 9.

6. MECHANICS' LIENS ⬗114(2) — ASSIGNMENT BY CONTRACTOR—EFFECT—LIENS—PRIORITIES.

Where contractor as collateral to note for balance due for loan made by bank for purposes of carrying out his contract gave bank an order on owner, who had a special fund on deposit in bank for payment of work, and owner was notified of order and made payments thereunder, held the equitable assignment of the payment made its claim superior to that of plaintiff, which did not give notice at the time it furnished materials in compliance with Code 1907, § 4754, and did not give notice of claim until after assignment.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Suit by the Dixie Lumber Company against T. O. Young and others, and bill by one Bates, trustee in bankruptcy, against T. O. Young and others. The two cases were consolidated, and on the trial the company was allowed to amend its complaint by making Bates party defendant. There was judgment in favor of Bates and the company, but each, being denied the enforcement of its lien, appeals. Appeal dismissed as to Bates, and judgment affirmed as to the company.

D. B. Cobbs and George B. Cleveland, Jr., both of Mobile, for appellants.
Yerger & Foster, of Mobile, for appellees.

GARDNER, J. [1] While the transcript in this cause was not filed strictly within the time required by Supreme Court rule 41 (175 Ala. xx, 56 South. vi) yet we are of the opinion that the affidavits on file furnish a sat-

isfactory excuse therefor; and it further appears that the delay was for a very short time.

The motion to dismiss the appeal has been carefully considered in consulation, and we are of the opinion that it should be denied.

The Dixie Lumber Company, a domestic corporation, brought this suit on the law side of the docket of the Mobile circuit court against T. O. Young, Kathleen Yerger, and others, seeking the enforcement of a materialman's lien. In the same court, on the equity side of 'the docket, one Bates, as trustee in bankruptcy, filed a bill, also seeking the enforcement of a materialman's lien for the bankrupts Hill and Horton. In each of the suits judgment is sought against T. O. Young for the balance due the complainant in the one case, and the plaintiff in the other; and a lien for the unpaid balance due by Kathleen Yerger, the owner of the property, to the said T. O. Young, the contractor. On the trial of the two causes, the Dixie Lumber Company was allowed to amend its complaint by making Bates, trustee, a party defendant. But during the trial on the equity side of the docket in the case of Bates, trustee, against Young and others, the Dixie Lumber Company was dismissed as a party to the suit.

The parties in the two causes of action therefore were not the same, and it is not insisted that the two actions came within the purview of our statute of consolidation of suits. Section 5358 of the Code of 1907. It appears, however, that, by common consent and for the convenience of the parties, upon the hearing the two cases were consolidated, and an order entered to that effect, and final decree rendered. Bates, as trustee, secured a judgment against said Young for $250.22; and the Dixie Lumber Company secured a judgment for $107.95. Each was denied the enforcement of the lien.

[2] On June 8, 1918, the Dixie Lumber Company gave security for costs of appeal from the final decree denying the said company the enforcement of its materialman's lien. Bates, as trustee, did not join in said security for costs, or give any security for costs, but filed in the cause a statement setting forth that he joined the said Dixie Lumber Company in its appeal, and assigns errors. Motion is made to dismiss the appeal as to Bates and to strike the assignments of error upon the ground said Bates has prosecuted no appeal, and therefore is without authority to join in said appeal and assign errors, as here attempted. We think this motion is well taken.

The only connection between the two causes of action—one at law and the other in equity—was that in each the enforcement of a materialman's lien was sought to be established upon the same property, and some of the evidence applicable to both causes. For convenience, therefore, upon the hearing the causes were consolidated. We are persuaded that this did not have the effect, under the circumstances here disclosed, of authorizing one of the parties to reap the benefits of an appeal taken upon the security of the other party alone. Pupke, Reid, et al. v. Meador, 72 Ga. 230; Harmon v. S. F., etc., R. R. Co., 86 Cal. 617, 25 Pac. 124; 4 Encycl. Pl. & Pr. 688–699.

We do not consider that the provisions in regard to joining in appeal as contained in the Acts of 1911, p. 589, have application to a situation as here presented. Our conclusion therefore as to Bates is there is no appeal; and his assignments of error are stricken on motion.

Upon consideration of the merits of the cause, we have reached the conclusion that the court below correctly denied appellant's materialman's lien, and we will very briefly state our reasons for this conclusion.

It appears without dispute that the defendant T. O. Young contracted with Mrs. Kathleen Yerger for the building of a house, and for that purpose the People's Bank of Mobile made a loan to Young for $1,000, for which the latter gave his note payable July 21, 1913. Mrs. Yerger had a fund on deposit in the People's Bank, and the bank expected to be repaid out of the moneys from this fund as installments were made, as Young progressed with the work. When the note became due a renewal note for $1,000 was given to the bank, payable in 30 days, which was again renewed on August 20th, and subsequently renewed on September 10th. When the last note fell due, on October 4, 1913, the sum of $250 was paid thereon, and Young gave his note in favor of the bank for the balance due of $750, payable in 15 days. On the same day Young gave the bank, as collateral for the payment of said balance of $750, an order on Mrs. Yerger, directing her to pay to the order of the People's Bank $750, and charge the same against the contract with him. There was no written acceptance of said order by Mrs. Yerger; but she was notified on that date by the president of the bank that the bank had said order, and she accepted the same by making payments to said bank under said order. At the time of service of notice by the appellant, December 9, 1913, claiming whatever balance was due Young by her, Mrs. Yerger owed the sum of $215, and she was directed by the bank to pay the same to the bank under said order. On December 27, 1913, she made said payment to the bank. At the time of the notice given by the appellant, Mrs. Yerger had acted under the order and accepted the same by paying installments as they became due in recognition of said order. The checks given by Mrs. Yerger were marked "special" to indicate that the same were to be paid out of a particular fund.

[3] The order to the bank constituted an equitable assignment of the fund covered thereby, under the circumstances here disclosed. 5 Corpus Juris, 922.

[4] The appellant furnished material to the contractor Young to the amount of $80. There was no effort on the part of appellant to comply with the provisions of section 4754, as to notifying the owner of the building at the time the material is furnished; but the only notice given was that of December 9, 1913. There can therefore be no insistence 'that appellant acquired any lien as for any unpaid balance due by the owner to the contractor until the giving of the notice of December 9th. Cranford Merc. Co. v. Wells, 195 Ala. 251, 20 South. 666; McDonald v. Stern & Marx, 142 Ala. 506, 38 South. 643; Ala. & Ga. Lbr. Co. v. Tisdale, 139 Ala. 250, 36 South. 618; Greene v. Robinson, 110 Ala. 503, 20 South. 65.

[5] Section 2½ of the act of February 12, 1891 (Acts 1890-91, p. 578), referred to in the case of McConnell v. Worns, 102 Ala. 587, 14 South. 849, cited by counsel for appellant, was expressly repealed by section 9 of the act of February 18, 1895 (Acts 1894-95, p. 1238).

The evidence was without dispute that the bank took this order from the contractor Young in good faith, as collateral security for his note of $750, at the time the payment of the same was last extended, and that the transaction was in perfect good faith, without notice of any claim on the part of any one, or as to any detail as to the contract between the parties. The contract between Young and Mrs. Yerger had been entered into, and the payments were to be made thereunder in installments as the work progressed. For the payment of this work there was a special fund on deposit with the People's Bank by Mrs. Yerger.

[6] The question therefore arises as to whether or not this equitable assignment to the bank, under the circumstances here disclosed, is superior to the claim of the plaintiff for a lien which could not arise until the notice was given some time subsequent to said assignment.

There are two systems established in this country by statutes in reference to the enforcement of such liens as here involved. The one known as the Pennsylvania system gives the subcontractor and materialman a direct lien, and the failure of the principal contractor to complete his contract does not affect the extent of the lien to which such person is entitled. The other system is known as the New York system, which does not give to the subcontractor or materialman a direct lien, but his right to a lien is dependent upon there being something due or to become due to the contractor under the contract.

Our statutes come within the definition of the New York system, treated in 5 Corpus Juris, supra.

The question here presented was considered by the Supreme Court of Mississippi in the case of Spengler v. Stiles-Tull Co., 94 Miss. 780, 48 South. 966, 19 Ann. Cas. 426, and was there given very elaborate discussion, disclosing a very deliberate consideration of the question, and rather exhaustive research of the cases. In this particular, also, it is to be noted that the statute of this state is similar in this respect to that of Mississippi, and that, under the circumstances as disclosed, the materialman would have no lien until the service of the notice, as under our statute.

After a careful review of the above decision, we have reached the conclusion that it is supported by the authorities as well as by sound reasoning, and we therefore approve the same as applicable to the instant case. We deem it unnecessary to enter into a discussion of the authorities, as all of this so fully appears in the Mississippi case, which will, of course, be read by any one interested in a further study of the question. We take the following excerpt from said case, which seems to rather sum up the situation:

"Apply to the situation our section 3074, and the general principle of law as to the right to make a common-law assignment, and what do we have? Why manifestly the assignees here, and appellees, were, prior to the assignment, mere creditors at large, without any lien under this statute given to either. That being the situation, and our statute giving the materialman a lien only from the service of the stop notices, as expressly held in Herrin v. Warren & Mobley, 61 Miss. 509, what was there in the law to prevent the contractor from assigning the balance due and to become due to him to the appellants? Why most manifestly he had the common-law right to make the assignment; and, if that assignment was duly executed and delivered to the appellants prior to the time when these appellees secured any lien by the service of the stop notices, it is too clear for argument that the assignees must prevail over these appellees, because of the universal equitable doctrine that he who is first in time is first in right. That is this whole case, stripped of all the confusion which has been thrown around it, growing out of the misconception that in some way, or somehow, or somehow else, these materialmen should be preferred to these assignees—exactly why no one can tell. They had no lien until they served the stop notices. Long prior to that the appellants had the assignment. Both were general creditors, and he who, in the race of diligence to secure himself, first got a claim by their assignment, being first in time, is first in right. That absolutely is this whole case, stripped of all the clouds and darkness which have been thrown about it."

The question seems never to have been presented to this court, but we think, in principle, a question somewhat analogous to this was presented in the case of McDonald

v. Stern & Marx, supra, where it was held that advancement or prepayment, made to the contractor in good faith before notice of the lien of the materialman, was good and would prevail as against such materialman. If the owner, therefore, may pay the contractor in advance, as was done, in good faith, and, before notice of any liens, thereby shut off the enforcement of the lien by the materialman, it would seem on reasoning that the same result must follow by an assignment from the contractor in good faith before such notice.

As was said by the Mississippi court, if the lawmaking body intended to forbid assignments in cases of this sort, or prohibit the assignee in obtaining priority, it would have been a simple matter for the Legislature to have so provided. This they have not done, and if it is considered that this conclusion works a hardship to materialmen or subcontractors, this is a matter which addresses itself to the lawmaking power, where the same may be remedied, if thought necessary or proper by that body.

As the statute of our state now stands, we conclude, as did the Mississippi court, that the bank, by the prior assignment, being first in time, is first in right.

It results that, in our opinion, the judgment of the court below was correct, and is here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.