(85 South. 394)

**MILLER et al. v. WHITTINGTON.**
(4 Div. 827.)

(Supreme Court of Alabama. April 22, 1920.)

1. **Appeal and error** 537—Seasonable presentation of bill of exceptions necessary.

Presentation of bill of exceptions to the trial judge within the 90 days after entry of decree, limited by Code 1907, § 2863, is a jurisdictional requisite to his authority to sign it, so as to make it a part of the record.

2. **Appeal and error** 662(3)—Only judge's indorsement on bill of exceptions as to time of presentation considered.

The indorsement, signed by the trial judge, on the bill of exceptions, of the fact of its presentation to him at a date after expiration of the time limited therefor by statute, is the only evidence as to the fact to which the appellate court will look; the bill not being signed within the time limited for presentation to him.

Appeal from Probate Court, Barbour County; Bob T. Roberts, Judge.

Olin Whittington propounded for probate the alleged will of T. N. Whittington, and Savannah Miller, and other heirs filed a contest. From a decree admitting the will to probate, the contestants appeal. Affirmed.

See, also, 202 Ala. 406, 80 South. 499.

The judgment or decree was rendered on March 18, 1919, and the record shows that the bill of exceptions was not presented to the trial judge until June 19, 1919.

The judge makes this certificate:

I certify that the above bill of exceptions was tendered and presented and filed with me and accepted by me this June 19, 1919. B. T. Roberts, Judge of Probate, etc.

Farmer, Merrill & Farmer, of Dothan, and A. H. Merrill & Sons, of Eufaula, for appellants.

Counsel discuss the various assignments of error, with citation of authority; but, in view of the opinion, it is not deemed necessary to here set it out.

George W. Peach, of Clayton, and Jones & Thomas, of Montgomery, for appellee.

The bill must be stricken, because not filed in time nor signed. Sections 3019, 3020, Code 1907; 184 Ala. 598, 64 South. 69; 195 Ala. 272, 71 South. 106; 15 Ala. App. 434, 73 South. 756.

BROWN, J. [1, 2] The bill of exceptions, as appears on its face, was not presented to the trial judge within 90 days from the date the decree appealed from was entered, as is required by section 2863 of the Code of 1907, nor does the bill appear to have been signed by the judge as an act of approval. The only signature of the judge appears to be as certifying that he "accepted" the presentation which, however, was more than 90 days after the judgment purports to have been entered. The presentation of the bill of exceptions within the time specified in the statute is a jurisdictional requisite to the judge's authority to sign it, so as to make it a part of the record; and the indorsement of the fact of its presentation, signed by the judge, is the only evidence to which this court will look, unless the bill is signed within the period allowed for presentation.

Nothing is presented on the record proper for review, and as the bill of exceptions was not made a part of the record, as required by law, the matters therein sought to be presented for review are not available to appellants.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.