**HALL et al. v. MONTGOMERY, Superintendent of Banks. (1 Div. 224.)**

(Supreme Court of Alabama. Nov. 2, 1922.)

1. **Pleading** ⊚⇒224—**Though plea be eliminated by demurrer, allegations of it available as part of another plea by adoption.**

That, after filing of pleas 4 and 5 (plea 5 incorporating by adoption allegations of plea 4), plea 4 was eliminated on demurrer along with plea 5, did not render the allegations of plea 4 unavailable as a part of plea 5 by adoption.

2. **Bills and notes** ⊚⇒250—**Conditional signing as indorser good defense.**

That defendant indorsed on condition that note would not be used unless indorsed by another, who did not indorse it, is a valid defense, even to negotiable note, as against payee who had knowledge of the condition.

3. **Bills and notes** ⊚⇒473—**Certain allegations held not required in plea of conditional indorsement.**

Plea of indorser that he signed on condition that note would not be used unless indorsed by O., and that O. did not indorse it, need not aver that the representation that O. would sign as a coindorsee, and that it would not be delivered without such indorsement, was the inducing cause for defendant's indorsement, nor that O. had agreed to indorse the note with defendants.

4. **Pleading** ⊚⇒209—**Demurrer on ground of no allegation of knowledge presents no question of sufficiency of allegation.**

Demurrer to plea, on the ground that it does not allege knowledge, presents no question of the sufficiency of the averment; it in fact averring knowledge.

5. **Pleading** ⊚⇒11—**Knowledge pleadable as fact, without statement of facts evidencing it.**

Whether or not it be necessary, in pleading "notice," to allege facts relied on as notice, "knowledge" being a fact, which may properly be alleged as such, an allegation thereof need not be accompanied by a statement of facts evidencing it.

6. **Appeal and error** ⊚⇒232(1½)—**Objections to plea, not raised by the demurrer, not considered.**

The court, on appeal from judgment sustaining demurrer to plea, need not discuss ob-

jections to the plea raised in argument; they not being presented by any ground of the demurrer.

**7. Appeal and error ⊕⇒843(4)—Pleas presenting same defense as one held good not considered.**

The court on appeal will not consider the merits of pleas presenting the same defense as one which it has held good; only one such plea being necessary for proper trial of the case.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Action by H. H. Montgomery, Superintendent of Banks of the State of Alabama, liquidating the affairs of the Bank of Bay Minette, against C. W. Hall and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Leon G. Brooks, of Brewton, for appellants.

A surety may sign on condition that others sign as sureties before a bond or note is delivered to the obligee or payee, and delivery to another than a holder in due course without compliance with such condition operates to release such, surety. Code 1907, § 4973; 54 Ala. 414, 25 Am. Rep. 703; 79 Ala. 550, 58 Am. Rep. 620; 118 Ala. 466, 24 South. 428; 191 Ala. 356, 67 South. 839, L. R. A. 1915F, 1157. The allegations of plea 5 were sufficient to charge plaintiff with notice of the conditional character of the indorsement of the defendants. 4 Ala. 70; 25 Ala. 704; 124 Ala. 529, 27 South. 510; 26 Cyc. 1390; Code 1907, § 5382.

Gordon & Edington, of Mobile, for appellee.

Plaintiff's demurrers to defendants' pleas were properly sustained.

SOMERVILLE, J. The complaint in each count declares upon a "promissory note made by C. B. Thompson * * * and payable. * * * to the Bank of Bay Minette * * * and indorsed by defendants." Defendants' plea No. 5, incorporating by adoption the allegations of plea No. 4, is as follows:

"The defendants say that C. B. Thompson was indebted to the Bank of Bay Minette in a large sum, to wit, $5,000, and William B. Powell went with the said Thompson for the purpose of procuring notes in said amount to be used in payment of, or as collateral security for such indebtedness, and represented to the defendants that one W. D. Owens, who was solvent, would also indorse the notes upon which the defendants became indorsers, and which are those sued on in this action, and that such notes would not be used unless and until they were indorsed by said Owens, and defendants aver that indorsement of said Owens was not secured, and said notes were negotiated with said bank without such indorsement; and defendants allege that the said bank acquired said notes with knowledge of the fact that they were obtained upon the promise and representation that they would not be used unless and until they were indorsed by said W. D. Owens."

Plaintiff demurred to this plea and assigned the following grounds: (1) Because there is no averment that said representation or promise by the said Powell was an inducing cause for the defendants indorsing said notes. (2) It is not averred that W. D. Owens agreed to indorse the notes· with defendants. (3) It is not averred that the bank had any knowledge or notice of the agreement between C. B. Thompson, William B. Powell, and defendants as to the indorsement of said note by W. D. Owens.

Several other grounds of demurrer were nominally assigned to plea 5, in common with plea 4, but are obviously applicable only to the former, and need not be noticed.

## Opinion.

[1] The fact that after pleas 4 and 5 were filed plea 4 was eliminated on demurrer, along with plea 5, did not render the allegations of plea 4 unavailable as a part of plea 5 by adoption.

[2] The particular defense set up by the plea in question has long been recognized by this court as a valid defense where the instrument sued on is a non-negotiable contract. Guild v. Thomas, 54 Ala. 414, 25 Am. Rep. 703. And in the case of a negotiable instrument, it is likewise settled that such a defense is available against a payee, who had knowledge of the condition upon which the defendant comaker or coindorser signed the instrument and authorized its delivery to such payee. Ex parte Goldberg & Lewis, 191 Ala. 356, 67 South. 839, L. R. A. 1915F, 1157. We think the plea under· consideration contains every allegation necessary to support the defense relied on.

[3] It is not necessary to allege that the representation that Owens would sign the note as a coindorser, and that it would not be delivered without such indorsement, was the inducing cause for defendants' indorsement. It was enough to show that the indorsements were ·made upon the condition that the notes should not be delivered or used as securities unless and until they were also indorsed by Owens, and that sufficiently appears. It was, of course, not necessary to allege that Owens had agreed to indorse the notes with defendants, since a sufficient condition was merely that he should indorse them before their delivery. The first and second grounds of demurrer, as above numbered, were very clearly without merit.

[4] The third ground of demurrer cannot be sustained, because the plea does in fact contain the specific averment of the payee's knowledge of the condition, the omission of

which the demurrer complains of. The demurrer presents no question as to the sufficiency of the averment of knowledge, but charges merely the omission of any such averment at all, an entirely different objection.

[5] It is to be observed, however, that there is a substantial difference between *knowledge* and *notice* (Cleveland Woolen Mills v. Sibert, 81 Ala. 140, 145, 1 South. 773); and whatever may be the requirements of good pleading as to the allegation of the facts relied on as constituting *notice* (see Lawson v. Townes, 2 Ala. 373; Carlisle v. C. & M. R. Co., 4 Ala. 70; 20 R. C. L. 357, § 23), there can be no reason for requiring an allegation of *knowledge* to be accompanied by a statement of the facts evidencing such knowledge, since knowledge is itself a fact, and may properly be alleged as a fact. See Brown, Adm'r, v. L. & N. R. Co., 111 Ala. 275, 19 South. 1001. It would seem, therefore, that even as against apt special demurrer the plea is in that respect sufficient.

[6] Other objections to the plea are discussed in argument; but, as they are not presented by any ground of the demurrer, we deem it unnecessary to discuss them.

[7] We pass by, also, as unnecessary, any consideration of the merits of pleas numbered 8 and 14, for the reason that they present the same defense as that set up in plea 5, and only one such plea is necessary for the proper trial of the case.

Let the judgment be reversed, and the cause remanded for further proceedings in accordance with the foregoing opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.