(103 So. 460)

**DINSMORE v. COOPER.** (8 Div. 735.)

(Supreme Court of Alabama. March 19, 1925.)

1. **Bills and notes** ⊚⟿338—**Assignee of negotiable note held bona fide holder in due course.**

Assignee of note, negotiable within Code 1923, § 9029 et seq., and regular on face, when delivered by maker, in due course of business, to payee for value, without notice that comaker signed it in blank to be made out to another, and not subsequently changed, *held* bona fide holder in due course within section 9078, and entitled to enforce obligation as matter of law.

2. **Estoppel** ⊚⟿72—**Loss imposed on party enabling fraud to be committed by misplaced confidence.**

When one of two innocent parties must suffer, even by fraud perpetrated by another, law imposes loss on party who enabled fraud to be committed by misplaced confidence.

3. **Bills and notes** ⊚⟿517—**Plea of non est factum held not sustained by evidence.**

In action on note, testimony of one defendant *held* insufficient to support plea that he signed note in blank to be made out by comaker to another than payee named.

4. **Appeal and error** ⊚⟿1173(2)—**No reversal where statute as to summons on nonappealing defendants is not complied with.**

There can be no reversal on appeal by only one of several defendants, where Acts 1911, p. 589, as to summons on nonappealing defendants, is not complied with.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Action by W. F. Cooper against C. M. Dinsmore and others. Judgment for plaintiff, and named defendant appeals. Transferred from Court of Appeals under Acts 1911, § 6, p. 449. Affirmed.

Wert & Hutson, of Decatur, for appellant.

A note, signed in blank, unless filled up strictly in accordance with the authority given by the signer, is not a binding instrument. Code 1907, § 4971; Code 1923, § 9042. There was a conflict in the testimony, and the affirmative charge was erroneously given.

Tennis Tidwell, of Albany, and A. J. Harris, of Decatur, for appellee.

The note being a negotiable instrument, regular on its face at the time taken by the payee, and having no notice of any limitation placed upon Kent by Dinsmore, the payee was a holder in due course. Code 1923, §§ 9029, 9078; Ex parte Goldberg & Lewis, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157.

THOMAS, J. The affirmative charge was given at plaintiff's request in writing. When such a charge should be given or refused was specifically treated in McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The fact of notice and agency, being under the evidence a case for the jury, was presented in Langham v. Jackson, Supt., 211 Ala. 416, 100 So. 757, and the distinction between notice and knowledge as averments in such pleading is noted in Hall v. Montgomery, 208 Ala. 383, 94 So. 363; Smith v. Rothschild & Co., ante, p. 276, 102 So. 206.

[1] In the giving of the affirmative instruction there was no error. The bill of exceptions shows the note executed by comakers to the payee, and assignment of same to plaintiff. Dinsmore's insistence is that he signed the note in blank to be filled in as to the payee. The evidence shows that the note was 'complete and regular on its face when delivered to R. L. Copper, and so when he assigned the same to W. F. Cooper. Neither of the Coopers had any notice or knowledge or facts calling for inquiry as to the averments set up as defense by Dinsmore.

The note, when presented to and purchased by the Coopers, was a negotiable instrument. Code 1923, § 9029 et seq.; Code 1907, § 4958 et seq. The payee therein was a holder in due course (Code 1923, § 9078; Code 1907, § 5007), and without notice of the infirmities pleaded. Spires v. Jones (Ala. Sup.) 101 So. 753;[2] Smith v. Rothschild & Co. (Ala. Sup.) 102 So. 206.[3] The instrument was regular on its face, was delivered by Kent, who received the money, and no change has since been made in the note. The arrangement or agreement between Kent and Dinsmore at the time they executed the note was not binding on Cooper, without knowledge or notice of such secret agreement or instructions, if such there were. In ex parte Goldberg & Lewis, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157, it was held that the payee of a completed negotiable note, to whom it is given, for value without notice and in the due and ordinary course of business, by one of the makers to whom the note was intrusted by another maker, is a bona fide holder in due course, and is entitled to enforce the obligation. Hall v. Montgomery, Supt., 208 Ala. 383, 94 So. 363; Langham v. Jackson, 211 Ala. 416, 100 So. 757.

[2] When one of two innocent parties must suffer, even by a fraud perpetrated by another, the law imposes the loss upon the party who, by his misplaced confidence, has enabled the fraud to be committed. J. R. Watkins Med. Co. v. Hargett, 209 Ala. 165, 95 So. 811.

[3] The defendant Dinsmore by his own testimony fails to support his plea of non est factum. He said:

"I did not execute that note. (The note introduced in evidence.) When I signed that note it was blank. I did not authorize any one to fill that note out for me, payable to R. L. Cooper. I authorized that note to be made out to Mr. Jones. He was the only one that I authorized it to be made payable to."

On cross-examination the witness testified:

"Q. What were you getting this money for? A. I wasn't getting any money. Mr. Kent said he proposed to borrow $300 from me, and I didn't have it at the time. He said he had a little bill of freight he would have to get out of the depot, for himself, I suppose. I was state president of the Farmers' Union at that time. I was one of the directors of the Farmers' Union Store. I knew this money was being got for the Farmers' Union Store at that time. Kent was the manager of the store. He said he wanted $300. He said he knew where he could get it."

[4] Aside from the foregoing, there could be no reversal for failure of compliance with the statute. Acts 1911, p. 589; L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; New Morgan County B. & L. Ass'n v. Plemmons, 210 Ala. 286, 98 So. 12; McCreight v. Porter, 210 Ala. 50, 97 So. 53; Smith v. Collier, 210 Ala. 23, 97 So. 101.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

---

[2] Ante, p. 117.  [3] Ante, p. 276.