141 So., 245

## FIRST NAT. LIFE INS. CO. OF AMERICA v. WIGINTON.

### 6 Div. 106.

Supreme Court of Alabama.

April 14, 1932.

W. Emmett Perry, of Birmingham, for appellant.

Chas. R. Wiggins and D. A. McGregor, both of Jasper, for appellee.

**BROWN, J.**

■ The bill of exceptions in this case appears on its face to have been presented to the trial judge on the 2d day of July, 1931, which was more than ninety days from April 2, 1931, the day on which the motion for a new trial was denied. The appellee has appended to his brief what is termed a motion to strike the bill of exceptions, but no motion to strike was entered on the motion docket or filed with the clerk of the Court of Appeals, wherein the case was "submitted on briefs" without reference to a motion to strike the bill of exceptions. The paper appended to the brief cannot be considered or treated as a motion to strike the bill of exceptions. Capehart et al. v. Granite Mills, 97 Ala. 353, 12 So. 44.

■ Nor will the court ex mero motu strike the bill of exceptions because it was not presented in the time required by law. Code 1923, § 6434; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13.

■ The fifth, sixth, and seventh counts of the complaint allege, inter alia, "that on the 5th day of August, 1929, * * '* defendant insured the life of Lillian E. Wiginton on the payment to the defendant of the sum of $34.08, and which said sum has been paid to the defendant as a premium for the issuance of said policy and the delivery thereof, and for the payment to the defendant annually of a like sum or amount on the 5th day of August in each succeeding year thereafter until twenty-five such premiums have been paid or until the prior death of the insured. And the plaintiff avers that the insured Lillian E. Wiginton died on, to-wit, the 20th day of June, 1930, and of which death the defendant has had notice," etc.

These counts, therefore, were not subject to the objection that they do not aver "that the premiums, which were conditions precedent to the taking effect of the insurance were ever paid," and the demurrers to these counts were properly overruled. Moreover, the grounds of demurrer which appellant in-

sists should have been sustained are grounds 8 and 12, stated as follows:

"8. *Count two* of said complaint fails to allege that the conditions precedent to recovery on said policy, as set out in *said count*, have been performed. * * *" (Italics supplied.)

"12. *Count three* of said complaint fails to aver performance of the conditions precedent to recovery on said policy, as set out in *said count.*" (Italics supplied.)

■ These grounds of demurrer are not sufficiently specific to meet the requirements of the statute, and are directed specifically to other counts, and the court will not be put in error for overruling them. Code 1923, § 9479.

Count 8 of the complaint is in the form prescribed by the statute, and was not subject to the demurrer. Code 1923, § 9531, Form 12.

■ No exceptions were reserved to any part of the oral charge of the court, and assignments of error in respect thereto are without merit.

■ The verdict of the jury was in proper form, and the judgment of the court follows the verdict.

No error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.