147 So. 180

**BEATTY et al. v. McMILLAN.**

6 Div. 136.

Supreme Court of Alabama.
March 16, 1933.

Rehearing Denied April 13, 1933.

Horace C. Wilkinson, of Birmingham, for appellants.

Cabaniss & Johnston, of Birmingham, for appellee.

**THOMAS, Justice.**

This case was submitted on motion to strike the bill of exceptions for failure of presentation within the time allowed by the statute, and on the merits.

It is prescribed by statute that bills of exceptions may be presented to the judge or clerk at any time within ninety days from the day on which the judgment was entered, and not afterwards (Miller v. Whittington, 204 Ala. 207, 85 So. 394; Ex parte Hill, 205 Ala. 631, 89 So. 58), and the "presentation of the bill of exceptions within ninety days after the granting or refusing of a motion for a new trial shall be sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial." Section 6433, Code of 1928. The statute further provides that bills of exceptions not so presented or not signed within the time required by law, shall be stricken "only on motion of a party to the record of his attorney." Section 6434, Code. The motion invokes the jurisdiction of the court, and is mandatory to a dismissal within the rule (Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; First National Life Ins. Co. of America v. Wiginton, 224 Ala. 575, 141 So. 245; Battle v. Wright, 217 Ala. 354, 116 So. 349; Ettore v. State, 214 Ala. 99, 106 So. 508); and waiver by agreement is no answer to such a motion, within the statute, to dismiss. The only waiver or consent within the statute is the failure to move to strike on the submission of a case (Ettore v. State; First National Life Ins. Co. of America v. Wiginton, supra); and the motion is taken as waived if not made at or before the submission of the case in this court (City of Albany v. Black, 216 Ala. 4, 112 So. 433). The same rules obtain where a bill of exceptions is duly presented and not signed within the prescribed time. Williams v. State, 205 Ala. 76, 87 So. 530; Macertney v. Gwin, 218 Ala. 529, 119 So. 238.

A bill of exceptions must be its own expositor, and may not be aided by extraneous evidence, as affidavits or oral evidence. Stearn & Co. v. Lehman-Durr & Co., 169 Ala. 441, 2 So. 708; Edinburgh-American Land Mortgage Co. v. Canterbury, 169 Ala. 444, 53 So. 823; Box v. Southern Railway Co., 184 Ala. 598, 64 So. 69. The affidavits offered do not affect the rule that obtains. The motion to strike the bill of exceptions was duly made and presented to the court at the time of submission of the cause, and thus the question of jurisdiction in the premises is presented, the motion is granted, and the bill of exceptions is stricken.

There was also a motion to dismiss the appeal for failure of Clarence J. Palmer to join in the appeal on March 4, 1932. Thereafter, in this court, on November 28, 1932, said Palmer appeared as a party appellant and tendered his security for costs pursuant to his notice to that end given adverse counsel on November 28, 1932.

The analogy contained in Colbert County v. Tennessee Valley Bank, 144 So. 803,[1] construing section 6144 of the Code may be noted. This, however, is not the question presented by the motion to dismiss the appeal in this case on the ground that Palmer did not appeal and neither of the other parties appellant nor the clerk gave notice to Palmer of such appeal, pursuant to section 6143 of the Code.

Under this statute (section 6143, Code) it has been declared that one of the codefendants may appeal and the court may acquire jurisdiction of the other party not appealing by way of a summons duly issued in the trial court, and service thereof on such party not appealing, or such party may be brought in pursuant to the order of this court, or by his voluntary appearance in this court (City of Birmingham v. Hawkins, 196 Ala. 127, 132, 72 So. 25; Dixie Lumber Co. v. Young, 203 Ala. 115, 82 So. 129; Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900; Sherrod v. McGruder, 209 Ala. 260, 96 So. 78; New Morgan County Building & Loan Ass'n v. Plemmons, 210 Ala. 16, 97 So. 46; Dinsmore v. Cooper, 212 Ala. 485, 103 So. 460; Mancill v. Thomas, 216 Ala. 623, 114 So. 223; State ex rel. Lynne, Sp. Sol. v. Gurley et al., 217 Ala. 666, 117 So. 297; Ex parte Jones, 217 Ala. 208, 115 So. 301; Hagood v. Cleckler, 221 Ala. 379, 129 So. 2; Mitchell v. Birmingham News Co., 223 Ala. 568, 137 So. 422).

The action in this court amounted to such a voluntary appearance. It results that the motion to dismiss the appeal is overruled, and we shall consider the questions presented and predicated on the record proper.

The assignment of errors and the sustaining of demurrers to counts A and B, added by way of amendment of the complaint, are argued together and will be so considered.

The suit as brought was by "William H. Beatty and W. Henry Beatty, who sue as individuals and as partners doing business under the firm name of Beatty, Palmer and Beatty, plaintiffs, vs. D. W. McMillan, defendant," claiming damages for the breach of a written contract of date of March 14, 1928, and supplemental agreements in connection therewith, which are set out in hæc verba and respectively dated September 14, 1928, and March 14, 1929. The contract was

[1] 225 Ala. 632.

made and entered into by and between Clarence J. Palmer, Wm. H. Beatty, and W. Henry Beatty, parties of the first part, and Dan W. McMillan and Y. A. Dyer, parties of the second part; and it is averred "that after the execution of said agreements, during the life thereof, and while same were in force and effect, the defendant D. W. McMillan and/or Y. A. Dyer undertook to construct the machine referred to and described in the contract, but plaintiffs aver that the construction of said machine was never completed; that same was never demonstrated, and that the sum of Fifteen Thousand ($15,-000.00) Dollars was not expended for that purpose, and as a proximate consequence, plaintiffs will be put to great trouble and expense, annoyance and inconvenience in and about completing the work provided for in said contract, and in and about having the work and labor performed that the defendant was obligated to perform under said agreement; all to plaintiffs' damage in the sum of Fifteen Thousand ($15,000.00) Dollars; and plaintiffs further aver that they have complied with all the terms of said contract on their part; hence this suit, and plaintiffs aver that prior to the institution of this suit they acquired all the rights of Clarence J. Palmer in and to the contract sued on."

 The general rule is, that when a promise is made to two or more persons jointly, all of the obligees must unite as plaintiffs suing upon the contract, and demurrer challenging the failure to join cocontracting parties, held properly sustained. Jones v. Alder, 175 Ala. 80, 56 So. 577; Nearhos v. Keith, 221 Ala. 643, 130 So. 409; Patterson v. Atlantic Coast Line R. Co., 202 Ala. 583, 591, 81 So. 85; Alabama Power Co. v. Hamilton, 201 Ala. 62, 65, 77 So. 356. The contract sued on was originally made on March 14, 1928, and extended by supplemental agreement dated September 14, 1928, to the 14th day of March, 1929, on which last-named date it expired.

Thereafter on March 26, 1931, counts A and B were amended by consent of the court, as now to be indicated; and demurrers thereto were overruled. The amendments numbered 2 and 3, showed that on December 3, 1928, before any breach occurred, one member of the partnership sold his entire interest in the partnership, including his interest in the contract sued on, to one of the other partners, and retired from the partnership; that the other members continued the partnership under the old firm name, and suit was brought in that name. The sustaining of demurrers was without error, as now to be indicated.

Demurrers to the counts as last amended were to the effect that, any error committed in sustaining demurrers to counts A and B as amended, by what is termed by the second amendment, was harmless since appellants had the benefit of everything in the third amendment after joining Palmer, the third party to the original and extended contract. McClusky v. Duncan, 216 Ala. 388, 391, 113 So. 250; Herzberg, as Trustee v. Riddle, 171 Ala. 368, 54 So. 635. Moreover, the plaintiffs had judgment, and, therefore, the only error of which they could complain pertained to the quantum of damages; and as to this there is no question presented.

We find no reversible error, and the judgment of the lower court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

